THE STATE, JOSEPH P. APP ET AL., PROSECUTORS, v. THE TOWN OF STOCKTON, IN THE COUNTY OF CAMDEN.

1. Proceedings to improve streets in towns by grading the same, under the sixty-fourth section of the act of the legislature of this state, entitled "An act providing for the formation, establishment and government of towns," approved March 7th, 1895 (*Pamph. L.*, p. 218), can only be taken upon the presentation to the council of such town of a petition for such improvement, signed by the owners of one-sixth of the lands fronting on such street or part thereof to be so improved, and the council has no power to make such petition a basis for a contract for any other improvement than that requested by the petition, in such a manner that the cost and expense of such other improvement or any portion thereof can be assessed upon the lands specially benefited thereby.

2. The presentation of the petition is a jurisdictional fact, without which the council are absolutely without any warrant or power to make any improvement of the character mentioned in the sixty-fourth section of said act, and no such improvement can be initiated without a petition applying for such improvement.

3. That where no such power exists to make such an improvement, the inaction or silence of the landowner whose lands are supposed to be benefited thereby creates no estoppel against him to deny the liability of his lands for an assessment for such benefits, and he is not to be considered in laches by reason of such inaction or silence.

4. Where an assessment is absolutely void because of the want of authority by municipal authorities to make the improvement out of which the assessment arose, the statute entitled "A general act respecting taxes, assessments and water rents," approved March 23d, 1881 (*Pamph. L.*, p. 194), can have no remedial or curative effect whatever. That act only provides against the setting aside of assessments because of irregularity, or defect in form, or illegality in the making and levying of the same.

---

On *certiorari*.

Argued at November Term, 1897, before Justices GARRISON and LIPPINCOTT.

For the prosecutors, *Henry I. Budd, Jr.*

For the defendant, *Jonas S. Miller.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ of *certiorari* brings into this court an assessment against the prosecutors for paving, metaling, improving, macadamizing and guttering Arlington street, from Federal street to Westfield avenue, in the town of Stockton, in the county of Camden. Under the head of " improving " was included the grading of the street. The whole cost and expense of the improvement was $1,878.69.

The proceedings for this improvement were taken under the provisions of an act of the legislature entitled "An act providing for the formation, establishment and government of towns," approved March 7th, 1895. *Pamph. L., p.* 218. Section 64 of that act provided " that any street or section of the street may be graded, flagged, macadamized, paved, guttered, curbed or have a sidewalk of any material constructed thereon, or be otherwise improved in the following manner, namely, on the petition in writing to the council by the owners of one-sixth of the lands fronting on the street or section to be improved, or upon like petition of ten freeholders." This section further provides for the publication of notices of the presentation of the petition and of the time fixed for the hearing before the council of the town, the passage of the ordinance for the improvement, the advertising for bids and the awarding of the contract for the work and material for the improvement. A subsequent section of the act provides for the assessment of the cost and expense of the improvement upon the lands benefited to the extent of the special benefit conferred. The act contains no authority to make any such improvements except as thus provided.

On July 22d, 1895, the requisite number of landowners

presented a petition to the council of the town for the grading of this section of Arlington street. Upon presentation to the council of the petition, it was ordered filed with the town clerk, and a meeting was fixed for October 7th, 1895, to consider the matter. On October 22d, 1895, in due conformity with the provisions of the statute, an ordinance was adopted by the council to grade this section of the street. The proposals to grade the street were advertised for, and on the 7th day of December, 1895, the contract was awarded. The contract contained the provision not only to grade the street, but also provided for the metaling and the placing of gutters along this section of the street, and the cost and expense of the whole work, including the grading, was computed, and the assessment against the prosecutors include their *pro rata* share of the cost of the whole work.

All the proceedings of the council, up to and including the adoption of the ordinance, speak only of the grading of this section of the street. The advertisement for proposals to do the work was expressly limited to the grading of this street, and this object was distinctly stated by the chairman of the council at the meeting at which the contract was awarded.

Under these circumstances, the assessment for a portion of the cost of paving, metaling and curbing this street, against the prosecutors, cannot be sustained. The cost of grading this street is included in the cost and expense of the whole improvement, and in nowise does it appear that the cost and expense of grading were severed from the expense of the other improvement. The cost of grading, paving, metaling and curbing were all included in one gross sum, under the contract, and thus assessed against the property-owners.

No such improvement could be carried on or completed without the iniatory steps of the presentation of a petition under the sixty-fourth section of the act referred to, at least none by which any portion of the cost and expense of the improvement could be assessed against the landowners specially benefited thereby. Without this petition the town council was vested with no legal power to thus improve the street

and then assess benefits against the landowners benefited, and the contract made by the town, so far as the imposition of any burden upon the prosecutors was concerned, was of no validity whatever. Such improvement can only be made by municipal authorities under the powers granted them by legislative enactment, and in conformity therewith. The presentation of the petition is a jurisdictional fact, which, being wanting, left the council without any power whatever, and the presentation of a petition for one character of improvement did not authorize the council to proceed to make another and very different one. The jurisdiction of the council was to proceed to grade this street, and not to metal, macadamize and curb it.

The power of the council in the matter of this character of street improvements was a specially delegated authority, and the proceedings thereunder were legal only when in strict conformity with its direction. *Terhune* v. *Passaic,* 12 *Vroom* 90. The presentation of this petition was a condition precedent to the exercise of the power to grade this street, and was a jurisdictional requisite. The improvement, if any was ordered made at all, must have been confined to that requested in the petition, and cost and expense incurred could only be for the grading, and an assessment for any other expense would be a void assessment. 2 *Dill. Mun. Corp.* (*4th ed.*), §§ 604, 605, 800, 801; *Camden* v. *Mulford,* 2 *Dutcher* 49 ; *State* v. *Elizabeth,* 1 *Vroom* 176 ; *State* v. *Hudson,* 5 *Dutcher* 104. This doctrine is now universally enforced.

This assessment is void because the council had no authority whatever to make the improvement out of which it arose.

It need only to be said, in answer to a contention made by counsel for the defendants, that the act entitled "A general act respecting taxes, assessments and water rates," approved March 23d, 1881 (*Pamph. L., p.* 194), can have no application as curative of this assessment. That act only provides against the setting aside of an assessment because of any irregularity or defect in form in assessing the same. In this case the improvement made was wholly unauthorized and the

assessment is one which lacks any legal basis whatever. The lands of the prosecutors were never assessable for any of the costs and expenses of this improvement.

Again, it is contended that the prosecutors are estopped from denying the validity of this assessment. If the defect consisted of an irregularity only, this contention might prevail. It is said the prosecutors were inactive and silent in the face of the progress of this improvement, and that they are in laches and estopped from making the objection now urged against the assessment.

But this improvement, out of which this assessment arose, not being within the power of the council of the town to make, and unauthorized by the act under which it could have exercised this power, the alleged inaction or silence of the prosecutors during the progress of the work created no laches or estoppel on their part. They had the right to rest upon the fact that they could not be assessed for the cost of this absolutely unauthorized work, even if they had the knowledge that it was being done, any more than they would have been chargeable if it had been done by some mere volunteer. They were chargeable only with the knowledge that they had applied for certain work to be done, and that the council were unauthorized to do any other work, the expense of which could be imposed upon their property.

Where municipal officers exercise powers not conferred by charter in the making of street improvements, they are in no sense agents or representatives of the property-owners, and no liability attaches to the latter from the mere inaction or silence, for improvements so made. The doctrine of equitable estoppel has no place in a case where usurped powers have been exercised by municipal officers, who, in so doing, were contravening public policy, as well as known positive law. *Schumm* v. *Seymour*, 9 *C. E. Gr.* 143.

This assessment must be set aside, with costs.

This would appear, so far as the return to the writ and the facts before the court are concerned, to end the matter. The cost and expense of the grading of this section of the street,

if they be severable from the costs and expense of the whole improvement, may be assessable upon the property specially benefited thereby. If they be so severable, an application can be made to this court for any relief to which the defendants may be entitled.