SMITH W. BURNETT, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF THE TOWN OF BOONTON.

Argued June 4, 1907—Decided November 11, 1907.

1. Where under a town charter a street improvement can only be made by ordinance, and the ordinance enacted for that purpose provides merely that the street be graded, and the improvement made thereunder includes paving with macadam, the benefit of the macadam pavement cannot be assessed against the abutting property owner.

2. Where the paving with macadam is unauthorized by the ordinance under which improvement is made, the inaction or silence of the landowner whose lands are supposed to be benefited thereby creates no estoppel against him to deny the liability of his lands for an assessment for such benefits, and he is not to be considered in laches by reason of such inaction or silence.

3. Where the landowner's property is not liable to assessment on account of macadamizing the street because that work was not authorized by the ordinance under which the improvement was made, there can be no reassessment on account of the benefit of the macadam under the act approved March 23d, 1881. *Pamph. L., p.* 194. But where the property of the landowner is subject to assessment on account of work done in grading, curbing and flagging the sidewalk, paving the gutters and grading the street which was authorized by the ordinance, the board of assessors may be ordered to make a new assessment upon the property in proportion to the benefits received, and not in excess thereof.

On *certiorari.*

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutor, *Reed & Salmon.*

For the defendant, *S. Claude Garrison.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* brings before this court for review an assessment made against the property of the prosecutor by the board of assessors appointed by the common council of the town of Boonton, on account of the improvement of Main street in that town.

The improvement in question was made under the authority conferred by an ordinance passed by the common council.

.The authority to pass the ordinance is found in sections 7 and 12 of the charter of the town of Boonton, approved March 26th, 1872. *Pamph. L., p.* 803.

The validity of the ordinance is not attacked.

The sections of the ordinance relating to the character and scope of the improvement are as follows:

"Sec. 2. Be it further ordained by common council of the town of Boonton, that Main street, from the centre of Liberty street to the corporate line, be graded the full width of the street, according to the grade lines as shown by the profile map made by Lewis Van Duyne, surveyor, bearing date August 25th, 1898, and as laid down in an ordinance of the town of Boonton known as 'An ordinance to establish the grade of Main street west of Liberty street,' passed October 5th, 1898, approved October 5th, 1898.

"Sec. 3. Be it further ordained, that said street shall be so made as to form a regular arch from curb to curb, the crown of the street to be twelve inches above the bottom of the gutters, and that the gutters be paved three feet wide, commencing at the curbstone and following the arch of the street.

"Sec. 4. Be it further ordained, that the sidewalks shall be eight feet wide and be leveled and graded in a line with the street, and be curbed with stone not less than four inches in thickness and sixteen inches wide, the curb to be eight inches high from the bottom of the gutter, and that said sidewalks shall be flagged or concreted for at least four feet

in width, which shall be laid on a slope of four inches in eight feet from the top of the curbing to the side of the street, and equally distant from the curbing and the outside line of the street."

It appears from the state of the case not only that the sidewalks were improved by grading, curbing and flagging, the gutters by paving and the streets by grading, as provided for in the ordinance, but that the street was also improved by macadamizing the same, and, from the report of the board of assessors, it appears that the cost and expense of the whole work was computed and the assessment against the prosecutor included his *pro rata* share of the cost of the whole work.

It is insisted that the assessment against the prosecutor should be set aside because the ordinance did not authorize an assessment for the benefit of macadam.

We think the contention of the prosecutor must prevail.

The ordinance authorizes merely that the sidewalks be graded, curbed and flagged, that the streets be graded the full width and that gutters be paved. No provision is made for paving the streets with macadam.

Under the charter of the town such work can only be done by ordinance. *State* v. *Bayonne,* 6 *Vroom* 335.

In *App* v. *Stockton,* 32 *Vroom* 520, where the undertaking of the improvement was dependent on the presentation of a petition to the municipal body, and the petition presented asked for the grading of a street only, while the contract was let not only for grading the street but for metaling and placing of gutters along it, and the cost and expense of the whole work was assessed against the prosecutors and included their *pro rata* share of the cost of the whole work, it was held that, as the authority to do the work depended upon the petition, and the petition only provided for the grading of the street, the assessment for the portion covering the cost of paving, metaling and curbing the street could not be sustained. The court said: "Without this petition the town council was vested with no legal power to thus improve the street and then assess benefits against the landowners benefited, and the contract made by the town, so far as the imposition of any burden

upon the prosecutors was concerned, was of no validity whatever. Such improvements can only be made by municipal authorities under the powers granted them by legislative enactment and in conformity therewith. * * * The jurisdiction of council was to proceed to grade the street, and not to metal, macadamize and curb it."

The case last cited, and the reasoning by which it is supported, we regard as decisive of the present case. It is true that in that case the court held that the town council was without jurisdiction to order the macadamizing of the street because this improvement was not asked for by the petition to council. But we think the present case is no better for the validity of the assessment, for it appears that council did not by ordinance order the improvement for which the assessment is in part attempted to be laid.

For the reasons stated we find that the prosecutor's property is not liable to assessment on account of the macadamizing of the street. As to the macadam, therefore, there can be no reassessment under the act approved March 23d, 1881. *Pamph. L., p.* 194. That act applies only where the court determines that the property upon which the assessment is assessed is in fact liable to assessment in respect of the purposes for which the assessment in controversy is levied.

Nor is the prosecutor estopped from denying the validity of the assessment so far as the benefit of the macadam is concerned. If the defect consisted of an irregularity only, this contention might prevail, since the prosecutor was inactive and silent in the face of the progress of the work. But this improvement, so far as paving with macadam is concerned, was unauthorized by the ordinance under which the work was instituted. The inaction and silence of the prosecutor therefore worked no estoppel or laches on his part. He had a right to rest upon the fact that he was not to be assessed for the benefit of this unauthorized work any more than he would have been if it had been done by some mere volunteer. *App* v. *Stockton, supra.*

The assessment must therefore be set aside, with costs.

Since the property of the prosecutor is subject to assessment on account of the work done in grading, curbing and flagging the sidewalk, paving the gutters and grading the street which was authorized by the ordinance, the board of assessors will be ordered to make a new assessment upon the property of the prosecutor in proportion to the benefits received from these improvements only and not in excess thereof, according to the statute.