A. JACKSON SMALL *vs.* AMOS D. ORNE and another.

Knox.    Opinion February 5, 1887.

*Election of constable.    Casting vote by mayor.    R. S., c. 3, §34.    Intoxicating liquors.    Search and seizure.    Trespass.*

Where, by the city charter, the mayor is allowed a casting vote in the city council, in accordance with R. S., c. 3, § 34, his act is sufficiently formal for that purpose if he determines and declares which of the candidates is elected, although he may not go through the formality of casting a ballot.

A warrant was issued authorizing the defendant to enter "the saloon, outbuildings, and appurtenances thereof, occupied by the" plaintiff, "and situated on the west side of Main street, also the cellar under the saloon, and rooms above, in said Rockland," and there search for intoxicating liquors. The rooms above the saloon, except one used as a restaurant,

were occupied by the plaintiff as a dwelling. The officer entered the saloon and searched for intoxicating liquors. In an action of trespass against the officer: *Held,* that the warrant authorized him to enter the saloon and there search for intoxicating liquors, and in so doing he would not be liable in trespass.

On report.

The opinion states the case.

*Robinson and Rowell,* for plaintiff.

" A dwelling house is the apartment, building, or cluster of buildings, in which a man, with his family, resides." Bishop on Statutory Crimes, § 278.

" If one part of a building is used for abode, it gives the character of dwelling house to every part to which there is an internal communication." *Id.* § 280.

" If there is no internal communication, the parts are to be considered as though they were distinct buildings." *Id.* § § 280, 285. ·

In *State* v. *Spencer,* 38 Maine, 30, the warrant, like the complaint, charges " that spirituous and intoxicating liquors are kept and deposited in a certain building, part of which is used as a store, and part for a dwelling house." The court say on page 32, " It does not appear that a shop or other place is kept for the sale of liquors in that part of the building used as a dwelling house, without which allegation in the complaint, no warrant could be issued to search the dwelling house."

See also *McGlinchy* v. *Barrows,* 41 Maine, 74, where it is held that a warrant thus defective is no justification for the officer, and also *State* v. *Staples,* 37 Maine, 228, and *State* v. *Carter,* 39 Maine, 262.

" A magistrate has no authority to issue a warrant to search a dwelling house for intoxicating liquors . . unless it shall first be shown to him by the testimony of witnesses, etc. . . Unless the warrant shows this preliminary proceeding, it is void." *State* v. *Staples, supra,* and *Jones* v. *Fletcher,* 41 Maine, 254.

In *State* v. *Kiely,* 116 Mass. 342, under a statute like ours, the complaint alleged that intoxicating liquors were kept " in a certain tenement on Derby Square, and numbered 6 on said

square, and the rooms over the tenement on the first floor numbered 6, on said square, the entrance to said rooms being numbered 8 on said square." The warrant followed the complaint, and directed the officer to enter and search the premises mentioned. The court held the warrant was void.

The provisions of the act of 1885, so far as they relate to the election of constables, are unconstitutional. The constitution provides that cities may vote in their wards for all officers they have been accustomed to vote for. Constitution of Maine, Art. IV., part 1, § 5. And because it is local legislation and is a change in the general laws of the state, to apply to but one locality. *State* v. *Flemming*, 66 Maine, 142.

By R. S., c. 3, § § 12 and 13, provision is made that constables must be elected by the ballots of the citizens, unless some other method is agreed upon by vote of the town.

A constable is not a mere local officer ; he is a state officer, and may serve precepts any where in the county where he is elected. *Sullivan* v. *Wentworth*, 137 Mass. 233 ; 1 Dillon, Mun. Corp. (3d ed.) § 60 and notes, and § § 58 & 59 and notes.

The provisions of the charter as to time and mode of election must be strictly observed. 1 Dillon, Mun. Corp. § 207.

*C. E. Littlefield*, for defendants.

The election of the constable was legal. *Sampson* v. *Bowdoinham S. M. Corp.* 36 Maine, 78 ; 1 Dill. Mun. Corp. § 285 ; Morawetz, Corp. § 359 ; 1 Pick. 154 ; 9 Pick. 97 ; 12 Allen, 480.

The warrant was regular. *State* v. *Woods*, 68 Maine, 409.

FOSTER, J. This is an action for breaking and entering the plaintiff's shop. The defence is justification as constable of the city of Rockland, and by virtue of a complaint and warrant from the police court of said city.

But two questions of any importance are involved in the decision of this case : (1.) Was the defendant, Orne, a legally elected constable? (2.) If legally elected and qualified, was the warrant with which he was armed a justification for the

acts of himself and of the other defendant who was acting as his aid?

I. No discussion is necessary in establishing the fact that Orne was legally elected. The report shows that his election was at a regular and stated meeting of the city council, and that an equal number of ballots were cast for Orne and one Cook, each receiving thirteen votes. Thereupon the mayor, after ascertaining the fact that an equal number of ballots had been cast for each of the two candidates, without going through the formality of casting a ballot, determined and declared that Orne was elected.

The amended charter of the city in force at the date of this election, (Laws of 1885, c. 482, § 3) allowed the mayor a casting vote. His act was sufficiently formal to bring it within the provisions of § 34, c. 3, R. S., wherein it is provided that " in the election of any city officers by ballot in the board of aldermen, or in convention of the aldermen and common council, in which the mayor has a right to give a casting vote, if two or more candidates have each half of the ballots cast, he shall determine and declare which of them is elected."

Authority is conferred by the city charter upon the city council to elect one or more constables. The number is not limited. It rests in the discretion of the city council whether they will elect one or many constables. From their records, the order which was passed in concurrence provided for the election of five or more city constables. Twenty-six out of the twenty-eight members composing the city council were present and voted. The defendant, Orne, was legally elected, and he afterwards qualified, as appears from the report. It therefore becomes unnecessary to discuss the objections in detail relating to this particular branch of the case.

II. The warrant commanded the defendant to enter " the saloon, outbuildings, and appurtenances thereof, occupied by the " plaintiff " and situated on the west side of Main street, also the cellar under the saloon and rooms above, in said Rockland," and therein search for intoxicating liquors.

No question is made but that the designation of the place to be searched is sufficiently definite to meet the requirements of the constitution in that respect. *State* v. *Burke*, 66 Maine, 127.

All the rooms above the saloon, with the exception of one used as a restaurant, were occupied by the plaintiff and his family as the place of their residence and dwelling house. The objection raised against the warrant is, that the officer was directed to search the plaintiff's dwelling house, and that the warrant was void because it contained no allegation that the dwelling house, or some part of it, was used as an inn or shop, or for purposes of traffic, nor that the magistrate issuing the warrant was satisfied by evidence presented to him, that intoxicating liquors were kept in such house or its appurtenances, as the statute requires. R. S., c. 27, § 43.

Looking at the objections in the inverse order from that in which they are stated, it will be found upon examination that the warrant recites the fact that satisfactory evidence was presented to the magistrate that intoxicating liquors were kept in the house and its appurtenances, and that they were intended for sale in this state, in violation of law. That objection may, therefore, be considered as out of the case.

But there is a further answer interposed against the plaintiff in this action. This suit, as the declaration shows, is not for any act of the officer in entering and searching those rooms above the saloon, and which were occupied by the plaintiff as a dwelling, but for entering and searching the plaintiff's saloon. The place searched was a saloon—not a dwelling. The officer's return upon the warrant negatives the fact of searching any other part of the premises designated in the complaint and warrant, except the saloon. Nothing appears upon the face of the process to indicate to the officer that it is not regular. It issued from a court of competent jurisdiction. The officer is to be protected unless the process is void, and the want of validity can be seen upon its face. *Elsemore* v. *Longfellow*, 76 Maine, 130. Nor is there anything in the case showing that the officer was not justified in entering the plaintiff's saloon and there searching for intoxicating liquors, as commanded by that process.

According to the stipulation in the report, the entry must be,

*Action to stand for trial.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and HASKELL,. JJ., concurred.