## STATE OF MINNESOTA *vs.* W. D. ARMSTRONG.

Submitted on briefs July 19, 1893. Affirmed Aug. 21, 1893.

### Vote of Presiding Officer Shown by His Announcement of the Result.

The validity of the action of a common council of a city depending upon the concurrence of four members, *held*, that the affirmative vote of three members upon a proposition, and the announcement by the president (one of the members of the council) that the same was carried, is to be regarded as properly expressing the concurrence of the presiding member with his associates as expressed in their vote.

### Subsequent Order, Signed by Him, Confirmatory.

Such concurrence was further expressed by a formal order of the council, made at the same meeting, embodying the proposition so voted upon, and signed by the president and the other members.

### Waseca City Charter Construed.

The approval of the mayor of an order of the council for the construction of a sidewalk *held* unnecessary.

### Same—Separate Vote on Each of Two Prerequisites to Ordering Sidewalk Built.

The council were not required to determine separately the questions whether the sidewalk would be a public convenience, and whether the benefits would justify the expense.

Appeal by defendant, W. D. Armstrong, from an order of the District Court of Waseca County, *Thomas S. Buckham*, J., made November 10, 1892, denying his motion for a new trial.

On May 18, 1890, a petition was presented to the Common Council of Waseca asking that a sidewalk be constructed along the north side of defendant's lots. Notice was given that the matter would be considered and determined at a meeting to be held June 6, 1890, at 7:30 P. M. At that time only four of the five members were present. Three voted to grant the petition, and the fourth, who presided, announced the vote carried in favor of building the walk. All four soon after, at the same meeting, signed an order directing the walk to be built of two-inch pine plank four feet wide. As defendant refused to build the walk, the city built it and assessed the expense, $39.39, on his lots fronting thereon. He refused to pay this tax and it was returned delinquent. In due time the delinquent

list was filed in the District Court, notice was published and defendant answered, stating these facts. At the trial the court overruled the defense and ordered judgment for the amount of the tax, penalty and interest. Defendant moved for a new trial. Being denied, he appeals.

*Sawyer, Abbott & Sawyer,* for appellant.

Only three members of the common council concurred in the action had upon the petition. Sp. Laws 1881, ch. 47, subch. 4, § 1, as amended by Sp. Laws 1889, ch. 47, § 4. Two separate and distinct propositions were submitted at one vote, each of which it was necessary for the council to pass upon, before they could order the laying of the sidewalk. Sp. Laws 1885, ch. 25, § 1. The mayor of the City of Waseca did not approve the order directing the construction of said walk. *City of Charitan* v. *Halliday,* 60 Iowa, 391; *San Francisco* v. *Hazen,* 5 Cal. 169; *Sullivan* v. *Pausch,* 5 Ohio Cir. Ct. Rep. 196.

*P. McGovern* and *John Moonan,* for respondent.

DICKINSON, J. This appeal presents the question whether the action of the common council of the city of Waseca in ordering the construction of a sidewalk in front of the appellant's premises was legal and valid.

1. The "common council" consisted of five aldermen. Sp. Laws 1881, ch. 47. Four aldermen constituted a quorum for the transaction of business, but no valid action could be taken "unless four members concur therein." Sp. Laws 1881, ch. 47, as amended by Sp. Laws 1889, ch. 47, § 4. The action of the common council here in question was at a meeting when only four aldermen were present. One of these was the president of that body. Such action was taken by a vote upon the question, which was put to the council by the president. The three other aldermen present voted "Yes" to the proposition for the construction of the sidewalk, whereupon the president announced that the same was carried. He did not otherwise declare his own vote upon the question. But thereafter, at the same meeting, a formal order was made and officially signed by all four of the aldermen, including the president, reciting the former action of the council, and ordering the sidewalk to be constructed. We

are inclined to think that, independent of the formal order last referred to, the announcement by the presiding alderman of the carrying of the proposition voted for by the other aldermen is to be construed as expressing his concurrence therein. We are to assume that the president knew the statute law governing the ordinary action of the body of which he was a member, and of which he was the official president; that without his own concurrence in the proposition it was not carried, and that the bare concurrence of only three aldermen was of no legal effect. We are not pointed to any provision of the law which required the determination of the question by the common council to be expressed in any particular form, and, in the absence of such requirement, the presiding officer might express his concurrence with the vote of his associates by declaring the measure carried, when it could only be carried by his concurring voice or action. But, even if this were doubtful, the formal order of the common council at the same meeting, officially subscribed by all the aldermen present, so far expresses the fact that the presiding officer concurred in the action taken that the doubt is dispelled.

2. While the common council were required to determine, before ordering the sidewalk to be constructed, both that public convenience would be promoted by the construction of the sidewalk and that the expense would not be disproportionate to the benefits, there was no necessity for their taking action separately upon each one of these questions.

3. We are not referred to any provision of the special law which rendered the approval or action of the mayor necessary. By the laws to which we have referred the common council was composed simply of the aldermen, and the "common council" had authority to require the sidewalk to be constructed.

Order affirmed.

(Opinion published 56 N. W. Rep. 97.)