State ex rel. Moore vs. Mayor and Common Council of Ashland.

---

The State ex rel. Moore, Appellant, vs. The Mayor and Common Council of the City of Ashland, Respondents.

*October 27 — November 13, 1894.*

*Municipal corporations: Street improvements: Special assessments: Charter construed.*

The city charter of Ashland provides (Laws of 1889, ch. 27, subch. 17) that the expense of paving streets may be charged to abutting lots in proportion to the benefits accruing thereto ; that before the work is ordered the board of public works shall ascertain the entire cost, and determine the amount of damages and benefits accruing to each lot, and file a report thereof; that after hearing objections they shall make and file a corrected report, which may be mod-

ified by the common council, and when it has been finally con-- firmed by that body a notice shall be published that a final deter- mination as to the benefits to be assessed has been made; that appeals from such determination may be taken by any person, aggrieved; that bids shall be advertised for and the contract let by the board of public works; and that after the work is done the· "contractor shall be entitled to a certificate therefor as to each parcel of land against which benefits shall have been assessed for the amount chargeable to said lot." *Held*, that both the preliminary assessment and the final determination of the benefits are to be made before the contract is let or the work done; and an assessment made after the contract had been performed, charging the entire cost of the work (considerably greater than the estimated cost) to· the abutting lots, apparently by the front-foot rule, without de- termining that they were benefited in any amount, is void.

APPEAL from the Circuit Court for *Ashland* County.

*Certiorari* to review special assessment proceedings. The facts are stated in the opinion. The appeal is from a judg:- ment affirming the assessment.

For the appellant there was a brief by *J. J. Miles*, and oral argument by *A. L. Sanborn* and *Mr. Miles.* They argued, among other things, that the charter requires that the final assessment of benefits should be determined by the board of public works and confirmed by the council before the work is ordered at the expense of the abutting prop- erty. *Massing v. Ames*, 37 Wis. 645. The assessment in question was made after the work was done, and assesses the cost of the improvement in front of each lot according to the front-foot rule, without regard to the damages or benefits. Such an assessment is void. *Pound v. Chippewa Co.* 43 Wis. 63; *Hall v. Chippewa Falls*, 47 id. 267; *War- ren v. Grand Haven*, 30 Mich. 24, 30; *Mills v. Detroit*, 95· id. 422; *Morrison v. Chicago*, 142 Ill. 660; *Myrick v. La Crosse*, 17 Wis. 442; *Kneeland v. Milwaukee*, 18 id. 411; *Gilman v. Milwaukee*, 61 id. 588; *Chicago v. Larned*, 34 Ill.· 203; *Chicago v. Baer*, 41 id. 310; *State v. Hudson*, 29 N. J. Law, 104; *Chamberlain v. Cleveland*, 34 Ohio St. 566.

State ex rel. Moore vs. Mayor and Common Council of Ashland.

For the respondents there was a brief by *Geo. P. Ross-man*, attorney, and *Lewis & Briggs*, of counsel, and oral argument by *H. M. Lewis*. They contended, *inter alia*, that a fair construction of the charter contemplates, *first*, a preliminary and approximate determination by the board of public works of the benefits and damages to the abutting property, the cost of which is to be charged to such prop-erty, as a guide to the common council in determining whether or not it is expedient to order such improvement; *second*, a further and final determination of such benefits and damages afterwards; and this final determination may be made, not only after the work is ordered, but more prop-erly after the contract is let, as such contract forms an exact basis for calculating the cost and determining the benefits, etc.

Winslow, J.    The relator sued out a writ of *certiorari* to review and reverse certain special assessment proceedings whereby a special assessment had been charged against his lots in the city of Ashland for the paving of the street in front of the lots.    The action was tried upon the return to the writ made by the city clerk.    Numerous irregularities in the proceedings were relied on by the relator to substan-tiate his contention.    We shall discuss but one of these irregularities, which seems to us fatal to the assessment.

The steps necessary to make a valid assessment for the paving of a street against abutting lots are found in ch. 17 of the charter of the city of Ashland.    Laws of 1889, ch. 27. The provisions are, in brief, that streets may be paved, and the expense charged to abutting lots *in proportion to the benefits* accruing to the lots; that before any street is ordered to be paved the board of public works shall view the premises, ascertain the entire cost, and determine the amount of damages and benefits accruing to each abutting lot, and file a report showing these facts in their office; that they

shall give notice by publication that such report is open for review at their office, and will so remain for twenty days, and appoint a time for hearing objections thereto; that after such hearing they shall make their final and corrected report, and file the same with the city clerk; that this report shall be laid before the common council at their next regular meeting, and may be confirmed or corrected or referred back to the board for further consideration, and when finally confirmed the city clerk shall give notice by publication that a final determination as to the benefits to be assessed against abutting real estate has been made; that appeals may be taken from such determination by any person aggrieved; that bids shall be advertised for by the board of public works, and the contract let by the board; that, after the contract has been completed to the approval of the board, "the contractor shall be entitled to a certificate therefor as to each parcel of land against which benefits *shall have been assessed* for the amount chargeable to said lot." Further provisions are contained in the chapter, as to the issuance of improvement bonds, which are not necessary to be stated.

The plain and necessary import of these charter provisions is that lots are to be assessed for the proposed paving in proportion to the benefits accruing to them; that before any contract is made a preliminary assessment is to be made, reviewed, and corrected by the board of public works, reported to the council, and confirmed or modified and finally determined by the council. All these steps are plainly to be taken before the contract for the work is made or the work done. In the present case it appears from the return, not only that no preliminary assessment by the board of public works is on file or can be found in the office of the city clerk, but that the common council never attempted to make or determine any assessment against any lots until the year following the inception of

the proceedings, after the contract had been fully performed. At this time the council attempted to make an assessment charging the entire cost of the work (which was considerably greater than the estimated cost) to the abutting lots, apparently on the front-foot rule, without determining that the lots were benefited in any amount. These defects in the proceedings are glaring, and fatal to the assessments. *Myrick v. La Crosse,* 17 Wis. 442; *Kneeland v. Milwaukee,* 18 Wis. 411.

*By the Court.*— Judgment reversed, and action remanded with directions to enter judgment for the relator vacating the assessment against his lots, in accordance with this opinion.

