PRATT, Appellant, vs. THE CITY OF MILWAUKEE. and others,
Respondents.

*September 1 — September 22, 1896.*

*Tax titles: Setting aside tax certificates: Limitation of actions: When
land is "not liable to taxation:" Special assessments: Equity.*

1. Irregularities or errors in the condemnation proceedings which
   formed the groundwork of an assessment of benefits for opening
   a street did not render the land assessed "not liable to taxation,"
   within the meaning of sec. 1210*h*, S. & B. Ann. Stats., even though
   they might render the condemnation proceedings void; and where
   such land was sold for nonpayment of the assessment, an action
   commenced more than a year after the sale to set aside the cer-
   tificate for such irregularities was barred by said section. *Smith
   v. Sherry*, 54 Wis. 114, distinguished.
2. A certificate issued on a sale of land for nonpayment of an assess-
   ment of benefits for a street improvement is a "tax certificate,"
   within the meaning of sec. 1210*h*, S. & B. Ann. Stats.
3. The failure of the treasurer to demand payment of a special assess-
   ment, or to give notice where it might be paid and an opportunity
   to pay it, before a sale of the land for its nonpayment, and the is-
   suance of the certificate of sale for a sum slightly less than the
   correct amount, did not affect the equality or justice of the tax
   itself so as to form a basis for equitable relief, in the absence of an
   offer to pay the tax and after it had become fixed as a lien on the
   property by force of the statute of limitations.

APPEAL from a judgment of the circuit court for Milwau-
kee county: FRANK M. FISH, Judge. *Affirmed.*

Action to set aside a tax certificate upon real estate owned
by the plaintiff. The defendant city, by right of eminent
domain, took certain lands for the purpose of opening Kane
Place as a public street in such city. Proceedings were had
under the charter of such city whereby a part of the dam-
ages awarded to the owner of the lands so taken was as-
sessed as a charge or lien against the plaintiff's lot. Such
proceedings were thereafter had that the amount so appor-
tioned to plaintiff's lot was extended on the tax roll of

such city as a special tax against such lot. Plaintiff failed to pay such tax, and, at the time and in the manner provided by law in such cases, the lot was sold for the nonpayment of such tax, and bid in by one H. J. Droppers, for $918.71, to whom the tax certificate in question was thereupon delivered. Before the commencement of this action, such tax certificate was duly assigned and transferred to the defendant *Wisconsin Trust Company*. This action was commenced more than one year after the date of such tax sale. There were irregularities in the condemnation proceedings and in the proceedings subsequent thereto, some of which were specially found by the court, and others not. Sec. 1210*h*, S. & B. Ann. Stats., was duly pleaded by the defendants, and insisted upon. The court found that such section applies, and operates as a complete bar to this action, and ordered judgment accordingly, dismissing the complaint, from which judgment this appeal was taken. The facts necessary to a correct understanding of this appeal, not heretofore referred to, are sufficiently stated in the opinion.

*Frank B. Van Valkenburgh,* for the appellant, contended, *inter alia,* that appellant's land was not liable to taxation, i. e. to the assessment in question, when it was assessed, and therefore, under subd. 6 of sec. 1210*h*, S. & B. Ann. Stats., the limitation of that section is inapplicable. Under sec. 6, ch. 6, of the charter of *Milwaukee,* there was no power to make the assessment unless the necessity of taking the land to be paid for had been first determined by a constitutional jury; and this was never done. Lack of authority in the taxing officers is fatal to any tax, and prevents the statute of limitations from attaching to a case in which such general authority is not *shown* to exist. *Knox v. Cleveland,* 13 Wis. 245; *Smith v. Sherry,* 54 id. 114; *Wis. Cent. R. Co. v. Lincoln Co.* 67 id. 478; *Dupen v. Wetherby,* 79 id. 203. Appellant is not attacking the proceedings under which the assessment is levied, but the proceedings upon which the

*jurisdiction* of the board of public works *to make any assessment* rests, i. e. the condemnation proceedings. These being void, appellant's land *was not liable to this assessment,* because there was no indebtedness of the city which it might be legally taxed in this proceeding to pay. *Oconto Co. v. Jerrard,* 46 Wis. 317, 328; *Jensen v. Polk Co.* 47 id. 298, 306; Black, Tax Titles, § 92, and cases cited; *National Bank v. Elmira,* 53 N. Y. 49. So far as this action is founded on matters arising after the assessment is claimed to have been perfected, the limitation of sec. 1210*h* does not apply. *Pier v. Prouty,* 67 Wis. 218; *Ramsay v. Hommel,* 68 id. 12; *Morris v. Carmichael,* id. 133; *Morrow v. Lander,* 77 id. 80.

For the respondents there was a brief by *Charles H. Hamilton,* city attorney, and *Howard Van Wyck,* assistant city attorney, and oral argument by *Mr. Hamilton.*

MARSHALL, J. Numerous errors are assigned by appellant, but they are grouped under two heads:

1. It is claimed that the property taxed was not subject to taxation at the time it was assessed. Under this assignment of error, several instances are pointed out wherein the condemnation proceedings, which form the groundwork of the tax, were not in conformity with the law governing the subject,— such as that the necessity for taking the property was not first determined by a constitutional jury; that another proceeding, previously commenced, for taking the property for the same purpose, was pending; that the resolution whereby the proceedings were instituted did not describe the land to be taken. These and other alleged irregularities or errors are mentioned to support the contention that the condemnation proceedings were void; hence that appellant's property was not liable to taxation for any portion of the damages awarded to the owner of the real estate taken by such proceedings; and, therefore, that the statute of limitations (sec. 1210*h,* S. & B. Ann. Stats.) does not

apply, under the rule laid down in *Smith v. Sherry*, 54 Wis. 114. Counsel misapprehends the scope of *Smith v. Sherry*. It only applies to cases where there is a want of authority, *ab initio*, of the taxing officers to put the taxing power in motion, as where property is exempt from taxation, or where the property taxed is without the taxing district. Such were the circumstances in that case. There is no question but that appellant's lot was in the taxing district where assessed for the taxes complained of, and that it was liable for the tax in question, and that collection of such tax could be enforced if all the statutory requisites were followed necessary to legally levy the tax. Such being the case, all questions covered by the statute of limitations (sec. 1210*h*, referred to) are at an end, the period named in the section having expired before the commencement of this action, and the statute having been properly pleaded. *Knox v. Cleveland*, 13 Wis. 245.

2. Sec. 1210*h*, referred to, which the court held operates to set at rest all of the irregularities complained of, provides that every action or proceeding to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issue of any tax certificate or tax deed, for any error or defect going to the validity of the assessment, and affecting the groundwork of the tax, shall be commenced within one year from the date of such tax sale, and not thereafter. The term "tax certificate," as here used, includes a certificate issued, as in this case, on sale of land for the nonpayment of an assessment for benefits for street improvements (*Dalrymple v. Milwaukee*, 53 Wis. 178); but it is claimed that errors sufficient to void the certificate, which arose after the assessment was completed, are alleged in the complaint and admitted in the answer. No such errors are claimed to exist, except that the treasurer never demanded payment of the assessment, or gave notice where it might be paid, and that no opportunity was

given to pay the tax before the sale; also, that the certificate is not for the correct sum, in that it should be twenty-five cents larger. Certainly, such alleged irregularities do not in any way affect the equality or justice of the tax itself, and hence furnish no reason for granting to the appellant equitable relief in view of the fact that there was no offer to pay the tax, which, notwithstanding such alleged irregularities, by the force of the statute of limitations has become effectually fixed as a lien upon the property.

The foregoing appears to cover all the questions that were raised on the appeal.

*By the Court.*— The judgment of the circuit court is affirmed.