Hamar, Appellant, vs. Leihy and others, Respondents.

*February 1—February 21, 1905.*

*Municipal corporations: Street improvements: Special assessments: Tax certificates: Limitation of actions.*

1. Where a special assessment for street improvements is void, not for want of power on the part of the city, but because of a failure to take the necessary steps in the exercise of such power, the land assessed is "liable to taxation" within the meaning of sec. 1189, Stats. 1898, and the statute of limitations (sec. 1210*h*) is applicable to the tax certificate issued upon a sale for such assessment.

2. Although the assessment upon abutting property may be void in such a case because no grade for the street was established, as required by the city charter, before the improvement was made, such property is nevertheless within the taxing district and liable to taxation within the meaning of sec. 1189.

3. If the assessment is void because the land of one owner was assessed together with a strip belonging to another, the statute of limitations (sec. 1210*h*) is nevertheless applicable to the tax certificate.

4. A portion of a city lot was embraced within the right of way of a railroad. A certain amount for street improvement was specially assessed upon the other portion, excluding the right of way, and the tax certificate issued upon a sale for such assessment described the lot by number, "less right of way." *Held*, that the assessment was not void on the ground that the two parts of the lot, belonging to different owners, were assessed together.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This action was brought in 1903 to foreclose a tax certificate bearing date May 15, 1894, based upon a special assessment for paving, charged against lot 1, block 85, Ellis division, city of Ashland, less right of way. The complaint is in the usual form for foreclosure of tax certificate, and alleges that more than one year has expired since the date of the certificate, and that no action or proceeding to set aside the sale of such lands, or to cancel said certificate, or to restrain the issuing of any tax certificate or tax deed on such sale, has been commenced, and that the defendants are barred from setting up the illegality of said certificate.

The defendants answered that the tax certificate was null and void for the reason that the special tax carried out by the city clerk of the city of Ashland in 1893 as a paving tax was void because no grade had been established and no pavement ordered and no preliminary steps necessary to the paving of said street taken; and that the Wisconsin Central Railway Company owned a part of said lot, but the whole tax was charged against defendants. Substantially the same facts were set up by way of counterclaim, with prayer that the tax certificate and tax be declared void and canceled. Plaintiff replied to the counterclaim, denying the material allegations thereof.

Hamar v. Leihy, 124 Wis. 265.

The action was tried by the court, and judgment rendered for the defendants on the counterclaim, canceling and setting aside the tax and tax certificate, from which judgment plaintiff appeals to this court, and assigns as error (1) the admission of evidence under the counterclaim, and (2) the entering of judgment canceling and setting aside tax and tax certificate without requiring defendants to pay the plaintiff the amount for which the property was sold, with interest.

For the appellant there was a brief by *Sanborn, Lamoreux & Pray,* and oral argument by *A. W. Sanborn.*

For the respondents there was a brief by *J. J. Miles* and *Tomkins, Tomkins & Garvin,* and oral argument by *W. M. Tomkins.*

KERWIN, J.  1. The main question involved is whether the certificate is protected by the statute of limitation, more than one year having elapsed between the date of the certificate and the commencement of the action.  Sec. 1210$h$, Stats. 1898, provides:

"Every action or proceeding to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed for any error or defect going to the validity of the assessment and affecting the groundwork of such tax, or on account of any void or defective special assessment, shall be commenced within one year from the date of such tax sale and not thereafter. . . ."

Sec. 1189, Stats. 1898, provides, among other things, that no statute of limitation shall apply where the land was not liable to taxation; and it is contended that because the charter required the grade to be established and other proceedings taken before any assessment could be made, and this not having been done, the lot was not taxable for paving, hence the statute of limitation did not apply. We think the contention is untenable.  The city authorities had power to establish the grade and take all proceedings necessary to make a valid as-

sessment for street paving. They simply failed to exercise a power which they had, or irregularly exercised it. The distinction is plainly marked in many cases in this court. The cases relied upon by counsel for respondents are cases where there was a lack of power. In *Dietz v. Neenah,* 91 Wis. 422, 64 N. W. 299, 65 N. W. 500, the city attempted to levy a special assessment under a law which made no provision for notice at any stage of the proceeding, and this court held that the city had no power under the law to make any assessment because there was no law authorizing it. To the same effect is *Oshkosh City R. Co. v. Winnebago Co.* 89 Wis. 435, 61 N. W. 1107. Here an attempt was made to impose a tax upon the right of way of the railway company, which lay wholly within the public streets of the city of Oshkosh, and this court held that the law did not authorize it, and that the city, therefore, was without power to make any such assessment. *State ex rel. Moore v. Ashland,* 88 Wis. 599, 60 N. W. 1001, is a case where the common council had authority of law to make the assessment, but made it upon a wrong basis and irregularly; therefore this court held it was void. There was no want of power, but an irregular exercise of power. As said by Mr. Justice Winslow, speaking for the court: "The steps necessary to make a valid assessment for the paving of a street against abutting lots are found in ch. 17 of the charter of the city of Ashland. Laws of 1889, ch. 27." In *Schintgen v. La Crosse,* 117 Wis. 158, 94 N. W. 84, it is true the court said:

"When it appeared that the plaintiff's premises were exempt from assessment unless a certain particular state of facts existed, the duty rested on the city of showing that such state of facts did actually exist. This was not shown, and hence in the present case, for this reason alone, the reassessment in question must be set aside."

But in that case it was not a question of want of power on the part of the city, but the failure to exercise it. The city

authorities had the power to subject the premises to assessment, but failed to take the necessary steps. There was no question of statute of limitation in the case, nor of the application of sec. 1189, Stats. 1898. Plaintiff's premises were exempt from the assessment, not because of lack of power to subject them to assessment, but because of failure on the part of the city authorities to exercise the power with which the law clothed them in order to make the premises liable to assessment. The distinction is whether the assessment be void on account of defect in the proceedings or failure to do things which the law requires to be done, and cases where the property could not be legally assessed under any circumstances by reason of the absence of any law authorizing such assessment.

Counsel for appellant contends that, no grade having been established, the property was not within the taxing district and was exempt from taxation, because the city authorities at the time of making the assessment had no power until a grade had been established, and *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465, is cited as authority upon this point. It will be seen, however, that in *Smith v. Sherry, supra,* the property was outside of the taxing district of the municipal officers who attempted to levy the tax, and they were without jurisdiction under any circumstances to levy the tax. This court has directly held that the statutory bar provided by sec. 1210*h* applies to tax sale and certificates issued for street improvements. *Levy v. Wilcox,* 96 Wis. 127, 70 N. W. 1109. In *Pratt v. Milwaukee,* 93 Wis. 658, 68 N. W. 392, Mr. Justice MARSHALL, in speaking for the court, says:

"It is claimed that the property taxed was not subject to taxation at the time it was assessed. Under this assignment of error, several instances are pointed out wherein the condemnation proceedings, which form the groundwork of the tax, were not in conformity with the law governing the subject—such as that the necessity for taking the property was not first determined by a constitutional jury; that another proceeding, previously commenced, for taking the property

for the same purpose, was pending; that the resolution whereby the proceedings were instituted did not describe the land to be taken. These and other alleged irregularities or errors are mentioned to support the contention that the condemnation proceedings were void, hence that appellant's property was not liable to taxation for any portion of the damages awarded to the owner of the real estate taken by such proceedings, and, therefore, that the statute of limitations (sec. 1210*h,* S. & B. Ann. Stats.) does not apply, under the rule laid down in *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465. Counsel misapprehends the scope of *Smith v. Sherry.* It only applies to cases where there is a want of authority, *ab initio,* of the taxing officers to put the taxing power in motion, as where property is exempt from taxation, or where the property taxed is without the taxing district. Such were the circumstances in that case. There is no question but that appellant's lot was in the taxing district where assessed for the taxes complained of, and that it was liable for the tax in question, and that collection of such tax could be enforced if all the statutory requisites were followed necessary to legally levy the tax. Such being the case, all questions covered by the statute of limitations (sec. 1210*h,* referred to) are at an end, the period named in the section having expired before the commencement of this action, and the statute having been properly pleaded. *Knox v. Cleveland,* 13 Wis. 245."

In the case at bar the attack goes to the groundwork and validity of the tax. The property being subject to taxation, the taxing officers having the power and authority to take the necessary steps to make a valid assessment, and the statute having been properly pleaded, the certificate is protected by sec. 1210*h,* Stats. 1898.

2. It is further claimed by respondents that the certificate is void and the statute of limitation does not apply, for the reason that defendants' property was assessed together with a strip of land belonging to the Wisconsin Central Railway Company. If this rendered the certificate void, we think it would still be protected by the provisions of sec. 1210*h,* Stats. 1898. *Towne v. Salentine,* 92 Wis. 404, 66 N. W. 395. But

from the evidence in this case we are unable to see that the tax certificate is void, or even irregular, because of this alleged defect. It seems that a portion of the lot covered by the certificate in question is embraced within the right of way of the Wisconsin Central Railway Company, and the balance owned by the defendants. The certificate upon its face describes the property as lot 1, block 85, "less right of way," and it is quite apparent from the record that the amount of the certificate was charged against the portion of the lot owned by the defendants, and that the portion occupied by the railway company was not included, or intended to be included, in the certificate in question.

From what has been said it follows that the certificate was protected by sec. 1210*h*, Stats. 1898, and the court below erred in admitting evidence tending to show that no valid assessment had been made, and in entering judgment setting aside and canceling the tax and tax certificate.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings according to law.,