STRANGE, Executor, Appellant, vs. OCONTO LAND COMPANY, Respondent.

*October 2—October 20, 1908.*

(1, 2) *County board: Voting: Adoption of resolution: Records: Presumptions.    (3–9) Taxation: Town officers: Failure to elect: Emergency provision: Authorizing officers of adjoining town to act: Constitutional law: Uniformity in town government and in rule of taxation: Due process of law: De facto officers.    (10) Limitation of actions.*

1. The record of a meeting of a county board showing that ten members were present, that all of them except the chairman voted upon a resolution, five voting for and four against it, and that it was declared carried, is *held* to mean that it was declared carried by the chairman.

2. The chairman in such case will be presumed to have known the law (sec. 665, R. S. 1878) requiring all questions to be determined by a majority of the members present, and also to have understood his official duties.    In declaring the resolution carried he must be held to have assented to and in legal effect voted for its passage; and the question was therefore duly determined in the manner required by the statute.

3. Sec. 1152, Stats. (1898),—providing that whenever the property of a town shall fail to be assessed for taxation because of the

neglect or refusal of the people to elect officers, the county board shall issue their warrant to the assessor and treasurer of a 'town next adjoining, requiring them to assess and collect the taxes due from such town to the state and county till an election shall be held therein, etc.,—does not violate sec. 9, art. XIII, Const., in making such temporary provision for an emergency.

4. A town which neglects or refuses to elect town officers does not have town "authorities," and in such emergency, for the collection of the state and county tax, other residents of the county, holding office in an adjoining town, may lawfully be authorized to act, even assuming that town officers must be residents of the town in which they hold office.

5. Sec. 1152, Stats. (1898), does not violate sec. 23, art. IV, Const., relating to uniformity in town and county government, since it provides a uniform rule for all towns in like condition.

6. If said sec. 1152, when first enacted in 1850 (Laws of 1850, ch. 175), did not violate sec. 1, art. VIII, Const., requiring the rule of taxation to be uniform, it did not become invalid under that constitutional provision by the subsequent enactment of a statute making all other assessments subject to revision by a board of review, even if the emergency assessment provided for in sec. 1152 were not subject to such revision. If either statute were invalidated by such nonuniformity it would be the later one.

7. The emergency assessment provided for in sec. 1152, Stats. (1898), is, like all other assessments, to be laid by the assessor before the board of review of his town for revision.

8. The emergency assessment and collection of taxes under sec. 1152, Stats. (1898), do not deprive landowners of their property without due process of law in violation of the XIVth amendment, Const. of U. S., since they are given ample notice and ample opportunity to pay the tax.

9. Officers of an adjoining town who acted pursuant to sec. 1152, R. S. 1878, in the assessment and collection of taxes in a town in which the people had neglected or refused to elect town officers, were officers de facto for the purpose of exercising the authority conferred by said section, and it is not necessary to the validity of their acts that they should be classified as town, county, or state officers.

10. Where, in an action commenced in 1908 to have tax deeds adjudged void, the complaint alleged that such deeds were issued and recorded in 1883 and 1885 respectively, it will be assumed, in the absence of averment to the contrary, that they were in the form required by law; and, the lands being alleged to have been at all times vacant and unoccupied, the complaint shows on its face that the action is barred by the statute of limitations.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.  *Affirmed.*

The appeal is from an order sustaining a demurrer to the plaintiff's amended complaint in a suit in equity.  The pleading demurred to averred that Robert McMillan died June 18, 1906, and the plaintiff was his executor, and that at the time of his death and since 1880 McMillan was the owner of the patent title to the land in question, which is and always has been vacant and unoccupied land situate in the town of Darling, Oconto county, the latter town adjoining the town of How in the same county.  The town of Darling was "erected" by the county board of supervisors of Oconto county March 25, 1879, but the people of the territory so set off as a separate town neglected or refused to elect the officers required by law to be chosen therein, by reason of which neglect the property within said town might have failed to be assessed as provided by law.  While this condition existed and on June 14, 1879, the county board of supervisors of Oconto county, which then consisted of twelve members, ten of whom were present, voted upon, as hereinafter stated, the resolution hereinafter set forth, and adjourned without day.  They did not meet again until September 4, 1879, when the minutes of the former meeting were read and approved.  Pursuant to such pretended resolution the board of supervisors of Oconto county, by their chairman and clerk and under seal of the county, on June 23, 1879, commanded and required Christ Weinboldt, assessor of the town of How, to assess the property in the town of Darling for the amount of taxes due from said town to the county and state until an election therein, and discharge all the duties in regard to the assessment of said taxes which would have devolved upon him had he been duly elected assessor of the town of Darling.  In like manner, on September 20, 1879, the county board of supervisors of Oconto county, by their chairman and clerk and under seal of the

county, reciting that the same was done by virtue of sec. 1152, R. S. 1878, commanded the treasurer of the town of How to collect the amount of taxes due the county and state from the town of Darling in said county until an election should be held therein. Pursuant to such pretended resolution and on December 8, 1879, there was issued, annexed to the tax roll of the town of How, by "F. C. Schewr, acting town clerk," a warrant for the collection of taxes, directed to "Ludwig Suring, treasurer of the town of How," and this was twice renewed by the supervisors of the town of How. Thereafter and on December 8, 1880, there was issued, annexed to the tax roll of the town of Darling, by "G. T. Pickett, town clerk," a warrant for the collection of taxes, directed to "H. Jakel, treasurer of the town of How," and this was once renewed or extended by the supervisors of the town of How. In pursuance of these several warrants the assessor of the town of How assessed, and the treasurer of the town of How returned, said land as delinquent for the tax of 1879 and the tax of 1880. By reason of such delinquent return the land was, by the county treasurer of Oconto county, sold for this tax of 1879 to J. M. Simpson, a tax certificate of sale issued, upon which Simpson obtained a tax deed November 20, 1883, which was recorded in the proper office November 23, 1883. Simpson conveyed to Beyer and the latter to defendant. The land was in like manner sold and certificate of tax sale issued for the delinquent tax of 1880 on May 17, 1881, to "W. P. Cook, assignee." The latter took out a tax deed May 22, 1885, which was recorded May 25, 1885, and W. P. Cook conveyed to Sheldon Cook, who conveyed to defendant.

This action was commenced March 13, 1908, and no action of any kind had ever been commenced for relief from or to attack said tax sales or tax deeds prior to that time. The plaintiff or his grantors have paid all taxes on the land since and including 1881. The defendant claims title under

said tax deeds. The relief demanded and authorized by statute, if the tax deeds are invalid, is that the tax deeds be adjudged void and their cloud on plaintiff's title thereby removed, etc. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action and on the ground that the action was, as appears from the complaint, not commenced within the time limited by law, to wit, by secs. 2, 3, 4, 5, and 6, ch. 309, Laws of 1880, and secs. 671, 1188, 1189, and 1210*h*, Stats. (1898).

*C. D. Cleveland, Jr.,* for the appellant, cited, besides other cases, *Cole v. Black River Falls,* 57 Wis. 110, 14 N. W. 906; *O'Connor v. Fond du Lac,* 109 Wis. 253, 85 N. W. 327; *Norton v. Shelby Co.* 118 U. S. 425, 6 Sup. Ct. 1121; *Knox v. Cleveland,* 13 Wis. 245; *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465; *Oconto Co. v. Jerrard,* 46 Wis. 317, 50 N. W. 591; *Prentice v. Ashland Co.* 56 Wis. 345, 14 N. W. 297; *Pratt v. Milwaukee,* 93 Wis. 658, 68 N. W. 392; sec. 1152, R. S. 1878; sec. 1, art. VIII, Const.; 27 Am. & Eng. Ency. of Law (2d ed.) 593, 600; *County of Santa Clara v. So. Pac. R. Co.* 18 Fed. 385; *Railroad Tax Cases,* 13 Fed. 722, 735; *Knowlton v. Rock Co.* 9 Wis. 410; *Wis. Cent. R. Co. v. Taylor Co.* 52 Wis. 37, 8 N. W. 833; secs. 1060, 1061, R. S. 1878; sec. 1, amend. XIV, Const. U. S.; *Hagar v. Reclamation Dist.* 111 U. S. 701, 4 Sup. Ct. 663; Cooley, Taxation, ch. 12, p. 625.

For the respondent there were briefs by *Greene, Fairchild, North & Parker,* and oral argument by *J. R. North.* Among other references upon the part of the respondent were sec. 665, R. S. 1878; *Mitchell I. & L. Co. v. Flambeau L. Co.* 120 Wis. 545, 98 N. W. 530; secs. 1188, 1210*h*, R. S. 1878; *Urquhart v. Wescott,* 65 Wis. 135, 26 N. W. 552; *Kennan v. Smith,* 115 Wis. 463, 91 N. W. 986; *Hamar v. Leihy,* 124 Wis. 265, 102 N. W. 568; *C. & N. W. R. Co. v. Oconto,* 50 Wis. 189, 6 N. W. 607; *C. & N. W. R. Co. v. Langlade Co.* 56 Wis. 614, 14 N. W. 844; *Dean v. Gleason,*

16 Wis. 1.; *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270; *C. & N. W. R. Co. v. State,* 128 Wis. 553, 108 N. W. 557; *McMillen v. Anderson,* 95 U. S. 37; *Winona & St. P. L. Co. v. Minnesota,* 159 U. S. 526, 16 Sup. Ct. 83; *Pittsburgh, C., C. & St. L. R. Co. v. Backus,* 154 U. S. 421, 14 Sup. Ct. 1114; *Oskamp v. Lewis,* 103 Fed. 906.

TIMLIN, J.   Appellant's first contention is that the tax deeds described in the complaint "were void because the entire proceeding is based on, and all authority of the tax officers is derived from, the resolution acted upon by the county board on June 14, 1879, which resolution is of no force and invalid, because it did not receive sufficient affirmative votes.   The basis of this contention is section 665 of the Wisconsin statutes [R. S. 1878], which requires that all questions shall be determined by a majority of the members present.   There were ten members present, and the recorded vote shows five voted 'aye' and four voted 'no.'   On a call of the ayes and noes, therefore, the resolution was not carried." What would be the consequence if the resolution did not receive a majority vote, but was declared and assumed to have been adopted, and officers were thereupon appointed who assumed to and did act under such appointment, we need not here determine.   See cases hereinafter cited respecting *de facto* officers.

The complaint sets out the minutes of the meeting of the county board on June 12 and 13, 1879, as follows:

"Members present—Royce chairman, Driscoll, Ruelle, Erley, Doyle, Whitney, McIver, Ellis, Pahl, and Tibbitts. . . ."

"June 14, 1879, 9 a. m. Board met pursuant to adjournment.   Members present same as yesterday. . . . The following resolution was offered:

" 'Whereas, the people of the territory which has been set off as the town of Darling have neglected to elect the officers required by law to be chosen therein, by reason whereof the

property of said town has failed to be assessed in the manner provided by law, therefore be it resolved that the chairman and clerk of this board are hereby ordered and directed to issue the warrant of this board to the assessor and treasurer of the town of How, requiring them to assess and collect respectively the amount of taxes due from said town of Darling to the state and county, till an election shall be held therein. Dated June 14, 1879.'

"On motion to adjourn till 2 o'clock p. m. the ayes and noes were called and the vote was taken as follows: . . . Motion declared carried. Two o'clock p. m. Board met pursuant to adjournment. Same members present as in forenoon. The ayes and noes were called on the resolution before the board on adjournment in the forenoon, as follows: Aye—Ruelle, Whitney, Ellis, Pahl, Tibbetts—5. No—Driscoll, Erley, Doyle, McIver—4. And the resolution was declared carried. . . .    ROBERT ELLIS, Co. Clerk."

We take this record to mean that the resolution was declared carried by the officer whose duty it is, under ordinary parliamentary usages and rules, to so declare, namely, the chairman or presiding officer of the meeting. When the ayes and noes were called by him or by the clerk, the name of the chairman, Royce, was not called. Presumably the vote as called and taken was handed up to him and he declared the resolution carried. We think that in so doing he must be held to have assented to the passage of the resolution, which assent is in legal effect voting for its passage. This is a transaction nearly thirty years old, and all presumptions of the regularity of official action favor this view. We cannot presume that the chairman believed he had no authority to vote on the resolution, nor that he believed five was a majority of ten, nor that he believed that he was not to be counted as making one of the quorum present. We are rather to presume that he knew the law and understood his official duties, and that his action was informal but not illegal. The decided cases bearing on this question favor this view. *State v. Armstrong,* 54 Minn. 457, 56 N. W. 97;

*Rushville G. Co. v. Rushville,* 121 Ind. 206, 23 N. E. 72; *Small v. Orne,* 79 Me. 78, 8 Atl. 152.   We think in the complaint it is shown presumptively that the resolution in question was carried by a majority of the members present, the chairman voting informally, but nevertheless voting.

The appellant, however, contends that sec. 1152, Stats. (1898), is unconstitutional (1) in that it provides for an assessment, collection, and delinquent return of taxes by persons who are not officers of the town in which the land was situated, elected or appointed as required by sec. 9, art. XIII, Const.; (2) that the section in question is invalid in that it provides for the exercise of such official acts by persons not residents of the town in which the property is situated; (3) that it violates sec. 23, art. IV, Const., relating to the uniformity of town and county government; (4) that it is contrary to sec. 1, art. VIII, Const., which provides that "the rule of taxation shall be uniform," because there is no board for review of an assessment thus made, although all other assessments are subject to revision by a board of review; (5) that it is contrary to sec. 1 of the XIVth amendment to the constitution of the United States, because it deprives the owners of property situate in the town therein mentioned of such property without due process of law. Taking up these objections *seriatim:*

(1) Sec. 1152, Stats. (1898), which comes down to us from ch. 175, Laws of 1850, and sec. 64, ch. 18, R. S. 1858, makes temporary provision for an emergency in which there would be, but for this statute, an entire suspension of the functions of a public office, and is therefore valid and constitutional as against this first objection, within the rule of *Sprague v. Brown,* 40 Wis. 612; *Du Page Co. v. Jenks,* 65 Ill. 275; 23 Am. & Eng. Ency. of Law (2d ed.) 340, and cases cited.

(2) The town which neglects and refuses to elect town officers cannot have town "authorities," and in such emer-

gency for the collection of the state and county tax other residents of the county, holding offices in the adjoining town, can lawfully be authorized to act, even if we assume that town officers must be residents of the town in which they hold the office. This follows from the emergency rule last above referred to.

(3) There is no violation of the uniformity of town government in a statute which provides a uniform rule for all towns in a like condition; that is to say, all towns in which the people shall neglect or refuse to elect the officers required by law to be chosen therein, by reason whereof the property of such town shall fail to be assessed in the manner provided by law. *State ex rel. Busacker v. Groth,* 132 Wis. 283, 112 N. W. 431, and cases cited in opinion.

(4) The statute (sec. 1152) has been on the statute books of this state since 1850, and during the first eighteen years of its existence there was no general statute providing for a board of review. By ch. 130, Laws of 1868, boards of review were established. How ch. 175, Laws of 1850 (sec. 64, ch. 18, R. S. 1858), could have been within the rule of uniformity of taxation and on this ground constitutional at the time of enactment and during the first eighteen years of its existence, and then become unconstitutional by the enactment of a subsequent statute, is difficult to imagine. In such case, and where unconstitutional lack of uniformity would be thus produced, it is usually the later enactment which must fall. The later enactment is the law providing for boards of review, according to appellant's contention, in all towns, cities, and villages of the state, except towns which have neglected and refused to elect officers. This rule of uniformity permits reasonable classification; but, waiving this consideration, if the consequence of nonuniformity followed the enactment of ch. 130, Laws of 1868, and applied to the last-mentioned law, it would then appear that there was no board of review lawfully provided for in any town, but the appellant's rights in this case would be in no way affected,

nor could he be heard to assail as unconstitutional a law which did not affect him injuriously. Next, the law relating to boards of review does not expressly exclude from review before such board the extraordinary assessment referred to in sec. 1152. On the contrary, that law contains general provisions requiring the assessors to lay before the boards of their respective towns their whole assessment, manifestly including the extraordinary or emergency assessment made under sec. 1152. See sec. 1061, Stats. (1898). We can find no taint of unconstitutionality upon this fourth ground in either the law providing for this emergency assessment or in the law establishing boards of review.

(5) We see no valid reason for upholding the claim that art. XIV, Amendm. Const. U. S., is infringed by a state law such as we have described above, relating to taxation. The property owner knows that he is expected to pay annually a tax on all his property. The fact of his ownership and the general statutes amply inform him that some tax is due and that it becomes due annually. If the property goes untaxed for any year, it is an event so extraordinary as to put him upon inquiry. The town in which the property is situate is a matter of public law, and whether or not the people of that town have neglected or refused to elect officers, the provisions for such emergency found in sec. 1152, the return delinquent to the county treasurer, the records and published notices of sale of the latter, and the record of the tax sale are all acts of such a public nature as to afford ample opportunity to pay, and ample notice within the requirements of this XIVth amendment so far as the amendment applies to tax matters.

Lastly, in any event the assessor and treasurer of the town of How were officers *de facto*. There were the offices existing by force of law, but vacant by default of the electors, and there were persons claiming the right under the statutes of the state to exercise the functions of these offices and actually engaged in such exercise. *Cole v. Black River Falls,* 57

Wis. 110, 14 N. W. 906; *C. & N. W. R. Co. v. Langlade Co.* 56 Wis. 614, 14 N. W. 844; *In re Burke,* 76 Wis. 357, 45 N. W. 24; *In re Manning,* 76 Wis. 365, 45 N. W. 26; *Farrier v. State ex rel. Dugan,* 48 N. J. Law, 613, 7 Atl. 881. They were not necessarily town officers *de facto* of the town of Darling. They were officers *de facto* in any event for the purpose of exercising the authority conferred by sec. 1152 in the emergency therein provided for, and it is not necessary to the validity of their acts that we be able to classify these special officers as town, county, or state officers.

The complaint alleges that tax deeds were issued and recorded, and in the absence of averment to the contrary we must assume that such tax deeds were in the form required by law, thus entitling them to the presumption in favor of the regularity of all prior proceedings as specified by statute, and to the protection of the statute of limitations when the lands are vacant and unoccupied. The complaint, therefore, shows that the cause of action there attempted to be set forth is barred by the statute of limitations, within the rules announced in *Pratt v. Milwaukee,* 93 Wis. 658, 68 N. W. 392; *Kennan v. Smith,* 115 Wis. 463, 91 N. W. 986; *Hamar v. Leihy,* 124 Wis. 265, 102 N. W. 568; *Oconto Co. v. Jerrard,* 46 Wis. 317, 50 N. W. 591, and cases cited in those opinions.

*By the Court.*—The order of the circuit court sustaining the demurrer is affirmed.