ANNA M. LORD AND ABBY STORY MARSHALL v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

65 127
65 515
65 530
s65 686

Submitted March 22, 1900—Decided June 11, 1900.

If a city has legislative authority to make a public improvement which is beneficial to private property, and to levy an assessment therefor on the property benefited, and the owners of property benefited have permitted such an improvement to be completed in pursuance of proceedings not in conformity with the requirements of law, without invoking the aid of legal process, an assessment may be levied, notwithstanding the illegality of the proceedings, by virtue of the statute approved March 15th, 1898. *Pamph L., p.* 80.

---

On *certiorari* to review an assessment for sewer.

Before Justices DIXON, LUDLOW and COLLINS.

For the prosecutors, *De Witt Van Buskirk.*

For the defendant, *James Benny.*

The opinion of the court was delivered by

Dixon, J.    This *certiorari* brings up an assessment made May 16th, 1899, for benefits derived from a public sewer built in Lord avenue, from Fourth street to Fifth street, and connecting in Fifth street with a sewer previously laid.    The sewer was constructed in 1895 and 1896, but the municipal proceedings taken for the purpose of authorizing its construction are claimed by the prosecutors, apparently on sufficient grounds, to have been irregular and defective.    Conceding this, the city has resorted to a statute approved March 15th, 1898 (*Pamph. L., p.* 80), which enacts that it shall be lawful for the legislative body of any city, in which sewers have been constructed through the streets, where the proceedings taken for the construction thereof are informal and defective, by reason whereof such cities are embarrassed in the making and collection of valid assessments therefor, to appoint three disinterested freeholders, &c., to make an assessment of the cost on the lands benefited to the extent of the benefits received.    In accordance with this statute the present assessment was levied.

The reasons relied on by the prosecutors for overturning the assessment are, in substance, as summarized in the brief of their counsel, that the city council disregarded the legal effect of a remonstrance against the building of the sewer, filed by property owners, whereby the jurisdiction of the council over the subject-matter was ended, and consequently its subsequent proceedings were void.    Premising this, they contend that the act of 1898 was not designed to reach proceedings void for want of authority.

The city charter empowers the council to construct public sewers and to have assessments levied on private property for the benefit thence resulting.    Of course, it prescribes a procedure to be observed in the exercise of this power, and if that procedure be substantially departed from, this court would, on timely application, reverse the erroneous steps.    But it has been repeatedly held that if the owners of property liable to assessment permit a public improvement to be completed

by a municipality having such legislative authority, without interruption by process of law, it will then be too late for them to interpose the lack of legal procedure as an objection to an assessment which, in itself, is legal and just.

Such is the situation in the present case; and it is therefore plain that the term "void" is not applicable to the proceedings in pursuance of which this sewer has been constructed. Those proceedings have resulted in conferring on the property of the prosecutors a substantial benefit at public expense, and consequently in subjecting them to a corresponding charge. Without legislative sanction that burden could not be imposed, but with such sanction the legal right to impose it is beyond question. The purpose of the act of 1898 clearly is to provide for and warrant the charge, and in this respect it bears close resemblance to the act of March 31st, 1881 (*Gen. Stat.,* p. 3404), which, in *Elizabeth* v. *Meeker,* 16 *Vroom* 157, the Court of Errors declared to be highly remedial and entitled to liberal construction, and which was there held to justify an assessment for a public improvement beneficial to private property, even though the improvement had been made by a city that had no constitutional authority to levy an assessment therefor.

In the light of this decision it seems impossible to conclude that the act of 1898 was not intended to reach such informalities and defects as exist in the proceedings now under consideration, or that it is incapable of supporting an assessment notwithstanding them.

Whether the opinion of this court in *App* v. *Stockton,* 32 *Vroom* 520, is altogether in harmony with the foregoing views, we need not consider; for that opinion deals with the act of March 23d, 1881, which was enforced in *Elizabeth v. Meeker,* above referred to, and if it be consistent with the judgment of the Court of Errors, it will not antagonize the position now taken, while if it be inconsistent with that judgment, it cannot be followed.

We think the reasons assigned do not warrant the vacation of the assessment, and therefore it is affirmed, with costs.