NORTHERN PACIFIC RAILWAY COMPANY, Appellant, vs.
Douglas County and another, Respondents.

*February 4—February 21, 1911.*

*Municipal corporations: Street improvements: Special assessments:
Land "abutting or adjacent:" When appeal is exclusive remedy.*

1. A law for charging, to some extent,·the cost of improving that
   part of the roadway of a street directly in front of parcels of
   land abutting thereon, lying between the curb line and the cen-
   ter of such roadway, has reference only to the expense incurred
   within such boundaries.
2. A law authorizing improvement of a street at the expense in
   whole or in part of parcels of land abutting thereon or adjacent
   thereto, includes only parcels fronting on that part of the street
   improved or which adjoin such parcels and are adjacent to the
   street.
3. In such a law, nothing appearing clearly to the contrary, "abut-
   ting" and "adjacent" are not used synonymously. The former
   contemplates the street boundary toward the lot as identical
   with the boundary of the latter toward the former, while the
   idea of the latter is, a parcel near by the street but separated
   therefrom by an intervening abutting strip or parcel.
4. A law providing that, in case of the owner of a parcel of land af-
   fected by a street improvement being aggrieved in any way by
   reason of any determination of the administrative body as to
   burdening such parcel on account of such improvement, his sole
   remedy shall be by appeal to the circuit court, is mandatory and
   exclusive, precluding jurisdiction being exercised in any other
   way in law or in equity as to any real estate within the calls of
   the statute.
5. In the foregoing the words "affected by the improvement" limit
   the remedy to such parcels of real estate as the administrative
   board dealing with the matter would have jurisdiction under
   any circumstances to affect thereby.

   [Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Reversed.*

Equitable action to restrain a sale of land for nonpayment
of delinquent special taxes.

The issues presented for trial are indicated, in a general way, by the following summary of the findings: Proceedings were duly had under the charter of the city of Superior to determine the amounts respectively chargeable to various parcels of real estate abutting on or adjacent to that part of Winter street in said city it was proposed to pave, which portion included plaintiff's property. In such proceedings the amount was determined chargeable to said property challenged in this case. The assessing board acted within its discretion in including said property in the district benefited by the improvement. Such findings covered in a general way the subject of the litigation. Judgment was given in defendants' favor on the conclusion and order of the court following such findings.

For the appellant there was a brief by *Hanitch & Hartley,* attorneys, and *C. W. Bunn* and *M. T. Sanders,* of counsel, and oral argument by *Louis Hanitch.*

*W. R. Foley,* for the respondents.

MARSHALL, J. The findings do not disclose with reasonable definiteness the points litigated. The facts are that the city of Superior in due course,—if the land of appellant were chargeable under sec. 959—35, Stats. (1898), with any special tax because of the work on that part of Winter street improved,—imposed thereon the tax in question. The land abutted on Winter street, but not on that portion improved. Such portion did not reach nearer to appellant's land than about 350 feet. In view thereof counsel for appellant insisted, as appears, on the trial and do so now, that the land was improperly burdened because it did not abut on that portion of the street which was paved. The language of the section is as follows:

"No property fronting on any street or avenue shall be exempt from any assessment of benefits on account of the paving thereof with a permanent pavement having a concrete

foundation until such property shall have paid in the aggregate in assessments for street pavements in front thereof the sum of three dollars per square yard for all that part of the roadway directly in front of or abutting the same and lying between the curb line and the center of such roadway. Where any property has paid less than said amount it shall be held liable for any difference up to the amount of three dollars."

It is considered that the quoted language is too plain to warrant applying thereto rules for construction. The improvement was not directly in front of the parcel of land charged with the tax, nor even within the vicinity thereof. Therefore, the situation was entirely outside the calls of the statute.

Counsel for respondents insist that the tax is warranted by sec. 119 of the city charter (Laws of 189.1, ch. 124), which reads as follows:

"Before any established grade shall be changed or any work shall be ordered done on any street, in whole or in part at the expense of the abutting or adjacent real estate, the board of public works shall view the premises and determine the damages and benefits which will accrue to each parcel of such real estate by such change or alteration of grade; the entire cost of the contemplated work or improvement upon the street, the benefits and damages that will accrue to the several parcels of such real estate by such work or improvement, and the amount that should be assessed under the provisions of this chapter, to each parcel of such real estate to be benefited, as benefits accruing thereto by such contemplated work or improvements."

Whether the quoted part of the chapter was modified by the law of 1893, before quoted as sec. 959—35 of the Statutes, need not, necessarily, be decided for this case, though we may well say, in passing, that no reason is perceived why the statute as to the particular matter therein dealt with did not supersede the charter.

Assuming the quoted provision of the charter to be in full force, we cannot perceive how it can save the tax in question. The language is quite plain. It contemplates im-

provement of streets, beneficial to parcels of real estate abutting on or adjacent thereto, such improvement being in front of such parcels, at the expense, in whole or in part thereof. That must be so else a parcel of land so circumstanced might be taxed over and over again for street improvements, which would be quite unreasonable.

It is also quite plain that "abutting" and "adjacent" were not used synonymously. One was to characterize any parcel of real estate having a street and lot line in common. The other was to characterize one not in part bounded by a street line.

"Adjacent" is sometimes used for touching on or bounded by; but strictly speaking it signifies, near to but not touching; "contiguous" is probably sometimes also used in the former sense and sometimes and more properly in the latter, while "adjoining" is really the proper term for in contact with, though each of such words is occasionally used in a perverted way. It will be found that they have been construed variously by courts according to circumstances. "Adjacent" and "contiguous" as well, used alone, have been held to mean touching at times, while generally they have been used probably in the proper sense in legislative enactments and it is cases of such use that the courts have dealt with. The following are illustrations: *Hennessy v. Douglas Co.* 99 Wis. 129, 74 N. W. 983; *People ex rel. Sackmann v. Keechler,* 194 Ill. 235, 62 N. E. 525; *Hanifen v. Armitage,* 117 Fed. 845, 851; *Hanover F. Ins. Co. v. Stoddard,* 52 Neb. 745, 73 N. W. 291; *McDonald v. Wilson,* 59 Ind. 54, 55; *Brooklyn Heights R. Co. v. Brooklyn,* 18 N. Y. Supp. 876, 877; *Kenl v. Perkins,* 36 Ohio St. 639, 641.

In the statute under consideration, it seems, as an original question, that the word "adjacent" was used in the sense of near to and not abutting on the street. But the question is not new. This court in *Hennessy v. Douglas Co.* 99 Wis. 129, 136, 74 N. W. 983, said in respect to the particular char-

ter provision, "adjacent" signifies, in this connection, "lying near, close to, or contiguous, but not actually touching." "The distinction between 'adjacent' and 'adjoining' seems to be that the former implies that the two bodies are not widely separated, though they may not actually touch, while 'adjoining' indicates that they are so joined or united that no third body intervenes."

Thus it will be seen that the parcel of land in question cannot be both abutting and adjacent within the meaning of the statute.    It cannot be adjacent because it actually touches, or in other words, abuts on the street.    So it was of the latter kind.    No part of the improvement was chargeable thereto because the improvement did not include any part of the street in front thereof.    Doubtless the term "adjacent" was used to describe property separated a short distance from the street by intervening property abutting thereon, and dependable somewhat on the intervening strip.

It follows that the board of public works of the city of Superior plainly exceeded its powers by including the parcel of real estate in the assessment district for the particular Winter street improvement.

The foregoing, in view of the decision herewith in *Newton v. Superior,* 146 Wis. ——, 130 N. W. 242, suggests the question of whether the invalidity of the tax was legitimately questionable other than by appeal from the decision of the board of public works.    It is considered that such question must be answered in the affirmative.

True, the wording of the law is very broad.    Doubtless the remedy by appeal, as has been decided, was intended to be exclusive as to everything within its scope.    But the difficulty in question was not so encompassed.    That is quite plain. Sec. 126, ch. 124, Laws of 1891, governing the subject, is as follows:

"The appeal given by the last section from the report of the board of public works as confirmed by the common council,

shall be the only remedy of the owner of any parcel of land, or any person interested therein, affected by said improvement, for the redress of any grievance he may have by reason of the making of such improvements, or by reason of the change of any established grade covered by said report."

Note the language "any parcel of land . . . affected by said improvement." That does not mean any parcel of land upon which the board of public works may, whether acting within or without jurisdiction, choose to impose a burden; but any parcel in fact "affected by said improvement," in that, barring errors, it might be charged, not parcels which could not, under any circumstances, be burdened on account of the improvement. Otherwise the board in imposing such charges could include parcels of real estate on other streets or in a distant part of the city, or even outside the city, and the owners would have to resort for redress to the special remedy. Such a construction of the statute would be outside its letter and spirit and lead to absurd results.

It follows that the judgment must be reversed and the cause remanded with directions to render judgment in favor of the appellant in accordance with this opinion.

*By the Court.*—So ordered.

VINJE, J., took no part.