HARDY, Respondent, vs. CITY OF WAUKESHA, Appellant.

*April 11—May 2, 1911.*

*Municipal corporations: Street improvements: Special assessments:*
*Amount chargeable to abutting lots.*

> It is the "expense" of the work which, by sec. 925—175, Stats.
> (1898), may be assessed against real estate benefited by a street
> improvement; and if the estimate on which the assessment is
> based is greater than the cost proves to be, the "amount
> chargeable" to each parcel of land is not the full amount of the
> assessment, but the proper proportion of such actual cost.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an agreed case submitted to the circuit court for
Waukesha county under the provisions of sec. 2788, Stats.
(1898). The material facts are that the city of *Waukesha*
proceeded under sec. 175 of the general city charter law (sec.
925—175, Stats. 1898) to improve one of its streets called
North street. By proper proceedings the city estimated the
total cost of the improvement at the sum of $10,162.45, assessed benefits upon adjoining property to the amount of
$8,365, and decided that the amount properly· chargeable
to the city on account of street intersections, etc., was
$2,264.25. The contract was finally let for $9,884.62, leaving but $7,620.37 to be paid thereon in special assessment
certificates, if the city should pay the whole amount determined to be chargeable to it. The work has been completed
and the city has already issued to the contractor special assessment certificates for the full amount of the benefits assessed, and by this means proposes to reduce the amount to be
paid by the city itself from $2,264.25 to $1,519.62. The
plaintiff owns a lot fronting on the improvement which was
assessed benefits amounting to $335. The actual cost of making the improvement in front of plaintiff's lot, provided the

city pays the full amount made chargeable to it and the balance of the contract price be apportioned ratably among the assessed parcels, is $302.10. Thus the certificate issued against the plaintiff's property exceeds by $32.90 the amount of the actual cost of the improvement in front of his property.

The questions submitted are thus stated in the submission:

"(a) Can the city of *Waukesha* under this agreed statement of facts lawfully issue such certificates and bonds as are contemplated by and under sec. 925—188 and sec. 925—192 of the Revised Statutes of Wisconsin, for a sum which exceeds the actual expense or cost of the construction of the improvement in question?

"(b) Can the defendant city issue such certificates or bonds for a sum equal to the amount assessed as benefits to said property abutting on North street, even if such assessment of benefits be in excess of the actual cost of construction of the improvement in question?"

The circuit court answered both questions in the negative, and, it appearing that the plaintiff had deposited in court the sum of $302.10 for the benefit of the city, judgment was entered that the defendant city pay the clerk's fees and thereupon that the deposit be turned over to the city, and that the city redeem and cancel the special assessment certificate against plaintiff's lot. Judgment was further entered that the city be enjoined from issuing any improvement bonds under sec. 925—192, Stats. (1898), exceeding the actual cost of the improvement. From this judgment the city appeals.

*E. D. Walsh,* for the appellant.

For the respondent there was a brief by *Ryan, Merton, Newbury & Jacobson,* and oral argument by *E. Merton.*

WINSLOW, C. J. It seems plain to us that the trial court decided this case rightly. The law does not contemplate that property owners shall pay anything exceeding the expense of the improvement, nor that the city shall make money out of the assessments. It is the "expense" of the work which by

sec. 925—175, Stats. (1898), may be assessed against real estate benefited by the improvement. True, the assessment is to be made in advance of the performance of the work and must be based on an estimate of cost. Hence, if the estimate be greater than the cost proves to be, assessments will exceed the cost, as in the present case. No specific provision exists in the law directing a ratable reduction of the assessments when the certificates for the work are issued, but doubtless that was deemed a self-evident proposition. It is provided in sec. 925—188 that when the work has been done and properly approved the contractor shall be entitled to a certificate "as to each parcel of land against which benefits shall have been assessed for the *amount chargeable thereto.*" Had the purpose been to require the issuance of a certificate for the full amount of the assessment, this language would hardly have been used. It seems to us a plain recognition of the idea that the "amount chargeable" is not necessarily the amount of the assessment but the amount of the cost (within the limits of the assessment, of course), which is not ascertained till the work has been completed, and is then determined by simple computation, by which the gross cost, after deducting the city's share, is apportioned among the property owners against whom benefits have been assessed in the proportion which the net benefits assessed against each owner bear to the gross amount of the benefits assessed. This, we think, is the construction which has been given to the law by city officers with practical uniformity since its enactment.

*By the Court.*—Judgment affirmed.