NELSON, Appellant, vs. CITY OF WAUKESHA, Respondent.

*October 4—October 24, 1911.*

*Municipal corporations: Street improvements: Special assessments:*
*Remedy by appeal exclusive: Equitable issues, how tried: Judg-*
*ment.*

1. The appeal from the final determination of the common council,
   provided for in secs. 925—184 and 925—185, Stats. (1898), is the
   exclusive remedy of a lotowner affected by a street improve-
   ment for any grievance, legal or equitable, which he may have
   by reason of the making of such improvement.
2. The provision in sec. 925—184, Stats. (1898), that "such appeal
   shall be taken, tried and determined . . . *in like manner* as in
   case of appeals from the disallowance of claims," etc., does not
   mean that equitable issues are triable by a jury, even though
   the legal claims mentioned are so triable.
3. Where, in an equitable action to set aside a special assessment
   for a street improvement, the failure to proceed by appeal was
   pleaded in the answer, but it was conceded that the amount
   assessed exceeded the actual cost of the improvement and de-
   fendant tendered judgment restraining the issuance of assess-
   ment certificates in excess of the amount ratably chargeable to
   plaintiff's land, the denial by the court of any further relief
   was proper.

APPEAL from a judgment of the circuit court for Waukesha
county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *V. H. Tichenor,* at-
torney, and *Tullar & Lockney,* of counsel, and oral argument
by *Mr. Tichenor.*

*E. D. Walsh,* for the respondent.

TIMLIN, J.   This is a suit in equity by the owner of real
estate abutting on the street, against the city alone, for a de-
cree declaring void a special assessment for street paving and
to enjoin the city, its officials, servants, and employees,
(1) from issuing any certificate of benefits against the plaint-
iff's real property; (2) from issuing any bonds on any such
certificates; (3) from levying any taxes to pay for such

certificates or bonds; (4) from enforcing the collection of such taxes. The legal conclusion that no valid or legal assessment of benefits or damages was made is followed by averments that no damages of any kind were allowed to the plaintiff or his land, which lies much below the level of the new pavement and will be damaged, not benefited, by the pavement. Also that large and valuable tracts of land which did not front on the improvement but which were actually benefited thereby had no part of the cost of the improvement charged up against them; also that only the property fronting on the improvement was assessed for benefits. Further, the authorities did not consider, in making the assessment, whether there was in front of the property assessed a cut or fill below or above the natural surface of the ground, nor any other fact or thing than the amount of frontage of the plaintiff's property on that part of the street improved. That the sum assessed for benefits exceeds the cost of making the improvement in question to this extent, namely, that plaintiff's proportion of such cost would be only $685.85, whereas he is assessed for $731. There is also an averment upon information and belief that there has not been nor is there any legally established grade of the street in question, and the paving, etc., will not be placed upon a legally established grade. By amendment of the answer the defendant pleaded the failure of the plaintiff to appeal from the award of benefits and damages as provided by secs. 925—184 and 925—185, Stats. (1898), and tendered a reduction of the assessment from $731 to $643.74, with an offer to permit plaintiff to take judgment, with costs, enjoining the issue of assessment certificates or improvement bonds in excess of $643.74. At the trial, before any witness was called, both parties stipulated as follows:

"It is further conceded by counsel for both plaintiff and defendant that the amount of $643.74 as made by the defendant city in its offer of judgment is the correct amount ratably assessable against the plaintiff's property for the expense of

the improvement mentioned in the complaint, based upon the determination of the common council as to benefits."

The plaintiff then offered a witness, whereupon defendant objected to the reception of any evidence under the complaint for the reason that facts sufficient to constitute a cause of action were not stated therein, and further because the court had no jurisdiction of the cause.   The court ruled:

"The objection is sustained. The objection is construed by the court as applying to all of the complaint except that part thereof which entitled the plaintiff to judgment by virtue of the tender and admissions made in open court. . . ."

"Judgment is ordered in favor of the plaintiff, and that the city be enjoined from issuing a certificate against this property for any sum in excess of $643.74, and that the plaintiff have costs and disbursements up to the time of making the offer of judgment."

No point is made regarding the regularity of this offer of judgment.   If we assume as most favorable to appellant that the complaint stated a cause of action for some relief additional to that granted, the plaintiff must seek that relief by appeal from the assessment of benefits and damages, wherein his rights, legal and equitable, may be protected and all his grievances, legal or equitable, redressed.   The words "for the redress of any grievance he may have" in a remedial statute cannot be given any narrower scope.   *Newton v. Superior,* 146 Wis. 308, 130 N. W. 242; *Northern Pac. R. Co. v. Douglas Co.* 145 Wis. 288, 130 N. W. 246.   These cases were recently decided and received much consideration and must be considered decisive of the question there presented.   It is however suggested that *Hardy v. Waukesha,* 146 Wis. 277, 131 N. W. 352, was a case since arising in which the rule announced in the *Newton Case* was not applied.   We think the case of *Hardy v. Waukesha, supra,* did not present this question.

It is further argued that sec. 925—185, Stats. (1898), ought not to have the same construction given to the similar statute considered in the *Newton Case* because it is provided in

sec. 925—184 that an appeal "shall be taken, tried and determined . . . in like manner as in case of appeals from the disallowance of claims under this chapter." But the words "in like manner" cannot be taken to mean that equitable issues shall be tried to a jury merely because the legal claims and demands there mentioned are so triable. It is not new in this court that on appeal from an inferior tribunal an amendment may be allowed presenting issues connected with the same subject but not triable below. *State v. Preston,* 34 Wis. 675 ; *Heath v. Heath,* 31 Wis. 223. The ruling of the court so far as it dismissed the plaintiff's complaint was therefore correct and must be affirmed. As regards the judgment entered upon stipulation the respondent cannot and does not complain of it and the appellant is in no manner aggrieved thereby.

*By the Court.*—Judgment affirmed.