Bekkedal v. Viroqua, 183 Wis. 176.

BEKKEDAL and others, Appellants, vs. CITY OF VIROQUA,
Respondent.    [Thirteen cases.]

*December 13, 1923—March 11, 1924.*

*Municipal corporations: Special assessments: Nature of proceed-
ings: Order determining whether benefited property should
pay for street paving: Sufficiency: Establishment of street
grades: Right to jury trial: Reassessment: Procedure.*

1. Where the original resolution of a city council for street pav-
   ing did not state whether the cost of the improvement should
   be borne by the city or by the property benefited, as required
   by sub. (4), sec. 62.16, Stats. 1921, but the report by the board
   of public works of an assessment of benefits and damages,
   made under an order of the council directing it to so deter-
   mine, was adopted by the council, there was a substantial
   compliance with the statute though the proceeding was irreg-
   ular.  p. 183.
2. In this state a statute of limitations operates to destroy a right.
   p. 185.
3. Though the sovereign may not deprive a citizen of a right,
   under cover of a statute of limitations, by cutting off the
   remedy entirely, statutes of limitation are not unconstitutional
   if a reasonable time within which the remedy may be invoked
   is provided.  p. 185.
4. A compliance with sub. (2) (b), sec. 62.16, Stats., providing
   that no street shall be worked until the grade is established
   and recorded, is a condition precedent to making a special as-
   sessment or reassessment, and failure to establish the grade
   is not a mere irregularity.  p. 191.
5. The matter of special assessments and reassessments is purely
   a statutory proceeding relating to taxation, there being no
   right at common law to a jury trial in such proceedings; and
   though no doubt the court in its discretion may impanel a
   jury, the statutes do not give a jury trial to the parties as a
   matter of right.  p. 192.
6. An appeal from a determination of a city council in assessing
   damages or benefits in street improvement proceedings under
   sub. (6) (k), sec. 62.16, Stats., brings up for review the
   whole proceeding, and the landowner is entitled to any relief
   appropriate to redress any wrongs he may have sustained or
   to protect him in his lawful rights, and is not limited to re-
   covering the difference between the amount charged in the
   certificates or bonds issued and the amount of benefits.  p. 194.

7. Sec. 75.53, Stats., providing for a new assessment when an assessment is invalid because of a "defective or void assessment of benefits and damages," is applicable only where the proceedings are invalid because of such defective or void assessment, and not where the entire proceeding is void. p. 195.

8. If no appeal is taken from a reassessment of benefits and damages made under sec. 75.56, Stats., the new assessment becomes conclusive. p. 196.

9. The owner, if he desires to appeal from the assessment made by the city, is not compelled to pay the entire amount of the assessment at one time, but has preserved to him the election to which he is entitled under sec. 62.21, Stats., and he can make his election under this section subject to his rights on appeal. p. 197.

10. Proceedings to improve a street to a width of forty feet were not invalidated by a prior ordinance providing that streets should only be worked and improved to a width of thirty feet, as the determination of the common council to improve the street to a greater width modified the ordinance. p. 197.

11. A special assessment cannot exceed the cost of the improvement nor the amount of the benefits resulting therefrom, for, if it does exceed the benefits, it is a taking of private property without due process of law. p. 197.

12. On appeal from a special assessment the property owner is entitled to a judicial trial of the question whether the amount levied against his property exceeds the benefits thereto, the determination of the assessment board not being conclusive. p. 198.

*On rehearing.*

13. Payment into court by the defendants of the amount decreed to be paid to the city, and the taxation of costs against the city, was not an acceptance of a benefit precluding the defendants' right to appeal, because the judgment, although in form in plaintiffs' favor, was in fact against them, in that the claim of the city was, to the extent of the amount decreed to be paid, affirmed. p. 199.

APPEALS from judgments of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Reversed, with directions.*

Special assessment. From judgments entered by the circuit court for Vernon county confirming a second reassessment and requiring the amounts thereof to be paid into court within ten days, the plaintiffs appeal. The facts as they

appear in relation to the *Bekkedal Case* will be stated in the opinion. The facts in the other cases are substantially the same except as to amounts.

*C. W. Graves* and *J. Henry Bennett*, both of Viroqua, for the appellants.

For the respondent there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *William Ryan*.

The following opinion was filed January 15, 1924:

Rosenberry, J. The city of *Viroqua* is a city of the fourth class, containing a population of less than 10,000, and is governed by the provisions of the general charter law, ch. 62, Stats. By sub. (2) of sec. 62.16 the city council is authorized to establish the grade of all streets and alleys, and it is further provided:

(2) (b) "No street shall be worked until the grade thereof is established and recorded in the manner herein set forth."

Sub. (4) of sec. 62.16 provides:

"The city may cause streets to be opened, improved, swept, sprinkled and cleaned. The expense of such work or improvement may be paid in whole or in part by the city or by the property to be benefited thereby as the council shall direct, but in no case shall the amount assessed to any parcel of real estate exceed the benefits accruing thereto by such improvement, except in the case of sidewalks. . . . No street shall be improved where the expense exceeds five hundred dollars except upon the vote of two thirds of all the members of the council, unless the owners of more than one half of the frontage of the lots upon that part of any street to be improved shall petition the council to improve such street or part of street. . . ."

On April 25, 1922, the following resolution was introduced in the council and passed unanimously:

"Be it resolved by the common council of the city of *Viroqua* that the following streets in said city of *Viroqua* be improved with a permanent pavement, curb and gutter, to

wit: East Decker street from Main street to Wisconsin avenue; East avenue from Decker street to Railroad avenue and on Railroad avenue from East avenue to the railroad right of way; and that said work be let to the lowest responsible bidder.

"Be it further resolved, that the board of public works prepare and report to the council detailed plans and specifications therefor as provided by section 62.16, subsection (5) (a)."

By virtue of the provisions of sec. 62.14 the powers of . the board of public works are in the city of *Viroqua* exercised by the common council. Pursuant to the direction contained in the resolution adopted April 25, 1922, the board of public works reported that—

"We have determined that the entire costs of said improvement, including a reasonable sum for engineering, inspection, and details, will be the sum of $40,000. We further report that we have carefully viewed and examined the entire territory and the several parcels of real estate affected by said work and improvement, and from and upon such view and examination have determined the damages and benefits that will accrue to the several parcels of real estate by reason of such work and improvement, the damages and benefits that will accrue to the several parcels of real estate by reason of any change of grade, and the amount that should be assessed to each parcel of real estate and the benefits accruing thereto by such contemplated work and improvement."

Attached to the report there was an assessment from which it appears that upon the property of the plaintiff net benefits will accrue by such contemplated work and improvement to the amount of $6,520 in the aggregate, and the amount to be assessed to said parcels of real estate is $6,213.

On May 31, 1922, the common council adopted a resolution to the effect that "the type of pavement for East Decker street to Wisconsin avenue, from East Decker street north on East avenue to Railroad avenue and east on Railroad avenue to railroad right of way, be a single course reinforced concrete pavement." The contract was dated May 23, 1922,

the work to be done in accordance with the plans and specifications referred to in the contract as being on file in the office of the city clerk. The bid was on a unit basis. The work was thereupon proceeded with.

On the 24th day of July, 1922, *M. H. Bekkedal* appealed from the determination of the common council determining the benefits and damages to be assessed to the circuit court for Vernon county. The cause was heard, and "the court, after the introduction and consideration of the evidence submitted bearing upon the validity of the assessment of benefits and damages, being of the opinion that said assessment was invalid and defective, for reasons then orally stated, and in a memorandum filed herein, excused the jury from further consideration of the case," and ordered the proper authorities of the city of *Viroqua* to make a new assessment of benefits and damages in accordance with the provisions of the statutes of the state of Wisconsin, and action was stayed until such new assessment of benefits and damages should be made. A new assessment was thereupon proceeded with. Objections were made by the appellant to the new assessment, and after the new assessment had been made and confirmed by the council and return thereof was made to the court of all the proceedings had under and pursuant to said reassessment, the court thereupon heard and tried the issues raised by the objections of the plaintiff and found that upon the reassessment the sum of $1,194 had been included and assessed as a benefit against the property owners, which sum was properly chargeable to the city of *Viroqua*. Proceedings were again stayed and the proper authorities of the city of *Viroqua* were ordered to make a new assessment of benefits and damages "in accordance with the provisions of the statutes of the state of Wisconsin in such case made and provided, and on the basis of the actual cost of said pavement, less the cost of the pavement for the street intersections, as provided by law."

The plaintiff then objected to the second reassessment, and upon return being made to the circuit court and the

court having tried the issue made by the objections to the
second reassessment, an order was entered confirming the
assessment against the plaintiff in the sum of $4,502.05,
which amount "the appellant ought justly to pay and which
should be justly and equitably assessed against the said par-
cels of real estate," and the plaintiff was ordered to pay into
court, within ten days from the filing of the order of con-
firmation, the amount of the assessment.   If the amount
was paid into court by the terms of the order, the appellant
(plaintiff) was to have judgment against the city of *Viroqua*
for his costs, but if said amount was not paid into court,
then the action of the appellant (plaintiff) was to be dis-
missed with costs and the objections made by the appellant
were overruled.   The amount was paid and judgment was
accordingly entered confirming the assessment and awarding
the plaintiff costs in the sum of $132.58, from which judg-
ment plaintiff appeals.

It also appears that by an ordinance published June 18,
1907, the common council of the city of *Viroqua* ordained
as follows:

"That all streets in the city of *Viroqua*, excepting Main
street, be worked, graded, and improved for travel for a
distance of thirty feet, in the center thereof between curbs,
and that the distance between curbs, without regard to the
width of the street, be and the same hereby is fixed at thirty
feet, and that the remaining portion of the street between
such curb lines so fixed and the lot lines of adjoining private
property be equally divided between such abutting proper-
ties and used for purposes of sidewalks, shade trees, and
boulevards."

The plaintiff objected to the second reassessment upon
several grounds.   The principal contentions of plaintiff are:

(1)  That the common council never acquired jurisdiction
to assess benefits to the lotowners;

(2)  That it is a condition precedent to any jurisdiction
to improve a street that the grade of the street be first
established;

(3)  That plaintiff was entitled to a jury trial;

(4) That the order requiring the plaintiffs to pay the amount of the assessment as finally confirmed deprived plaintiffs of their rights, under sec. 62.21, of the thirty days' election whether they would pay or not (sec. 75.56), and is arbitrary and illegal;

(5) That the street was improved to the width of 42.2 feet in violation of the ordinance adopted in 1907;

(6) That the assessments are discriminatory and exceed the actual cost of the improvement.

It seems incredible that there could be so many deviations from a procedure clearly and plainly marked out in a single section of the statutes as appears in this case. It is conceded that the first assessment was void. It was so found by the circuit court and no appeal is taken from that determination. It is earnestly contended by the plaintiff that, the first assessment being invalid and the council having no jurisdiction, there can be no valid second assessment. It is argued that, no petition having been filed, it was the duty of the council to determine by resolution under the quoted portion of sub. (4) (a) of sec. 62.16 that the expenses should be paid by the property to be benefited thereby, and that, the council never having made such a determination to the present time, the court cannot make it and no assessment against the property owners can be made.

The failure to follow the plain wording of the statute was due no doubt to the effort of the members of the council to act in dual capacities—first as members of the council, and second as members of the board of public works. As already appears, the original resolution did not determine whether the cost of the improvement should be borne by the city or by the property benefited, but it does appear that the board of public works did report to the common council under date of June 6, 1922, an assessment of benefits and damages, which report was by resolution "received." The city clerk was directed to give notice of the filing of the report and July 18, 1922, was fixed as the time for hearing

objections thereto. On July 18th there was a resolution adopted correcting the report, and upon motion the report was adopted unanimously. The report was made pursuant to the order of the common council that the board of public works view the premises "and determine the benefits and damages which will accrue to each parcel of real estate because of the said pavement and the amount that should be assessed under the law to such real estate as benefits accruing thereto by such pavement."

We are of the view that, although this proceeding was irregular and unusual, it was a sufficient determination by the common council that the cost of the improvement should be borne by the property to be benefited and was in substantial compliance with the statute. The insertion of the words "the cost thereof to be borne by the property to be benefited thereby" in the original resolution would have saved much delay and expense.

It is next contended that the common council, having failed to establish the grade of the street to be improved, proceeded in direct violation of the provisions of par. (b) of sub. (2) of sec. 62.16, providing that "No street shall be worked until the grade thereof is established and recorded in the manner herein set forth." It is conceded that no grade was ever established. The grade book was burned up years ago and the city authorities apparently proceeded without any regard whatever to this provision of the statute.

The case of *Hamar v. Leihy*, 124 Wis. 265, 102 N. W. 568, is relied upon by the defendant. It was there held that where a special assessment for street improvements was void by reason of the fact that the city had failed to exercise its power to establish the grade of the street improved, the property was nevertheless within the taxing district and liable to taxation within the meaning of sec. 75.28, Stats., and that therefore the limitation prescribed by sec. 75.61 was applicable. In this case no resort can be had to the statute of limitations because the appeal was taken within

the period prescribed by the statute. Unless the effect of sub. (2) of sec. 62.16 is avoided by the provisions of the statutes relating to reassessment, it would seem that the plaintiff's contention must be sustained. We shall proceed to consider the effect of the reassessment statute.

The statutory provisions relating to reassessment where special assessments are set aside are contained in secs. 75.53, 75.56, 75.57, 75.58, and 75.59. We shall not set out the statutes in full because of their length, but shall refer to the provisions thereof applicable to this case.

Sec. 75.53 provides:

"If, in any action now pending or hereafter brought to set aside or vacate any special assessment made by the proper authorities of any city against property for . . . grading, graveling, macadamizing, paving or repaving any street or alley or part thereof, . . . the court shall be of the opinion, after a hearing in that behalf had, that such assessment is invalid by reason of a defective or void assessment of benefits and damages, it shall stay all proceedings in such action until a new assessment thereof is had in the manner hereinafter mentioned."

It is to be noted that by the terms of this section a re-assessment is to be ordered where the assessment is invalid "by reason of a defective or void assessment of benefits and damages." The assessment in this case is alleged to be invalid not only by reason of the defective or void assessment of benefits and damages, but by reason of the fact that the common council had no authority to proceed unless and until it had established the grade of the street as provided in sec. 62.16, hereinbefore referred to.

The provisions of sec. 75.56 are as follows:

"Where the work of . . . paving or repaving any street or alley, or part thereof, . . . has been done, or may hereafter be done, and any special assessment has been or may be made against any property for such work, and such special assessment or any special assessment certificates, tax sale, tax-sale certificate or special improvement bond based thereon is invalid because of such work having been done

without authority of law, or for failure to make a proper assessment of benefits and damages, or to observe any provision of law, either in adopting any part of chapter 62, or otherwise, or because of any act or defect in the proceedings upon which such assessment, certificate, sale or bond is based, or because of any provision contained in the contract for doing such work not authorized by law, or because such contract was made by a foreign corporation without having first complied with the provisions of section 1770b, the city authorities shall proceed to make a new assessment of benefits and damages in the manner required by law."

It is argued that under the decision of this court in *Hamar v. Leihy,* 124 Wis. 265, 102 N. W. 568, the failure to establish the grade was a failure to exercise a power with which the city was clothed; that the property was clearly within the taxing district over which the common council had jurisdiction, and that therefore the reassessment is not subject to attack because there has been no compliance with the provisions of sub. (2), sec. 62.16, requiring the grade of a street to be established before any work shall be done thereon. This contention overlooks some fundamental differences between statutes of limitation and statutes by virtue of which private property is subjected to a lien for public improvements. In this state a statute of limitations operates to destroy the right. *Eingartner v. Ill. S. Co.* 103 Wis. 373, 79 N. W. 433.

The power to enact statutes of repose or limitation is well recognized, and while the sovereign may not deprive a citizen of a right under cover of a statute of limitations by cutting off the remedy entirely, statutes of limitation are not subject to constitutional objections if a reasonable time within which the remedy may be invoked is provided by the statute. *Chapman v. Douglas Co.* 107 U. S. 348, 2 Sup. Ct. 62; *Terry v. Anderson,* 95 U. S. 628.

In *Dean v. Charlton,* 27 Wis. 522, the court, having under consideration a reassessment statute, said:

"In the consideration of these statutes, it becomes important to settle the rule by which they are to be construed.

It must be remembered that they are in derogation of the rights of the citizen who may be affected by them, in that they compel him to bear burdens which had been unlawfully imposed, or attempted to be imposed, upon him, and which he would not be compelled to bear but for those laws. It is probably too late to question the power of the legislature to pass retroactive statutes of this character; but to do so is a very great stretch of legislative power, frequently of doubtful expediency, the exercise of which is liable to do great injustice to individuals.    It seems obvious that such statutes should be strictly construed.    A due regard for individual rights and the plainest principles of justice requires that they should have only the effect which the legislature clearly intended that they should have; and that, in construing them, all reasonable doubts as to such intent should be resolved in favor of the citizen."

In *Dean v. Charlton* it was the contention of the plaintiff that the contract for the improvement had not been awarded to the lowest bidder as the law then required it should be. The reassessment statute provided that the tax might be reassessed where it had been "judicially set aside or declared void for either of the following reasons: (1st) for any irregularity in any of the proceedings in levying the same; (2d) for any omission to comply with the forms of law under which it was levied or assessed; (3d) for want of power to order the work; and (4th) for a noncompliance with any of the provisions of the city charter in ordering or letting the work or making the contracts in relation thereto."    It was held that this language of the statute did not justify a reassessment where there had been a plain violation of the law in fraud of the rights of the plaintiff and to his injury.    In other jurisdictions it has been held that the statutes are highly remedial and should be construed liberally in furtherance of justice.    *Lord v. Bayonne,* 65 N. J. Law, 127, 46 Atl. 701.

In *Rork v. Smith,* 55 Wis. 67, 12 N. W. 408, it was held that where work was done under contract on a city street without previous notice to lotowners to do it, and was

not done in accordance with the plans and specifications adopted by the city, no tax or legal charge for such work being created against the adjoining lots, the council had no power to reassess the amount upon the lots under the reassessment law known as ch. 71 of the Laws of 1874.

In *Dean v. Borchsenius,* 30 Wis. 236, at page 247, it was said:

"All that has been affirmed is that the legislature may ratify and cure through reassessment by the local authorities, that which it might have constitutionally and lawfully authorized in the first instance. Whatever in the form and mode of proceedings not going to the groundwork and justice of the tax which has failed, the legislature might have dispensed with in the first instance, the same dispensation may be granted afterwards. It may dispense with the giving of a notice where that was made necessary, or with the exposing of work to competition by receiving bids and awarding it to the lowest bidder, where that was required, or with other like informalities in the proceedings to make an assessment or levy a tax. These things, though in general very expedient and wise, cannot be said to be essential to an exercise of the taxing power. It may be constitutionally exercised without them, and hence they may, in the discretion of the legislature, be dispensed with. An assessment made to pay for a pavement laid by contract with the municipal authorities, without receiving bids, that being the mode authorized by statute, would undoubtedly be valid. No one, we think, will question this proposition, or insist that the legislature *must* in the first instance require biddings or cause notices to be published or given. If this be so, then the conclusion necessarily follows that the legislature may, upon the same state of facts, and where in its judgment the public interests and ends of justice require, ratify and confirm past proceedings defectively taken, and authorize a future assessment to pay for such pavement."

The objections made to the tax in this case were that the contract for doing the work had not been let to the lowest bidder; that a part of the tax sought to be reassessed was to pay for work done under a contract that was let without

publication of notice and without receiving bids in the manner prescribed by the charter of the city. It was held that that part of the tax covering the cost of curbing for which no contract was ever let was not cured because no reassessment was ever ordered by the council.

In *Sanderson v. Herman,* 108 Wis. 662, 84 N. W. 890, 85 N. W. 141, it was said:

"If it be urged that conditions required by the charter [charter of the city of Milwaukee] originally cannot now be complied with,—such, for example, as that the ascertainment of benefits and damages cannot now precede the letting of the contracts, as was obviously the policy of the charter,—it is a complete answer that the legislature might originally have authorized a special assessment without making such ascertainment an essential preliminary to contracting. Indeed, had the legislature seen fit to authorize a reassessment for the work in raising a street above its lawfully established grade in absence of any resolution lawfully changing the grade, how could we declare such act unconstitutional? The same imposition might have been authorized originally without requiring, as a condition, such preliminary action. No respect is suggested by counsel, and none occurs to us, wherein sec. 1210*d* [now sec. 75.56] omits any requirement or preliminary to imposition by reassessment of the expense of public improvements which the legislature might not, in its judgment, have dispensed with as prerequisite to original special assessments. That being so, we cannot hold that any constitutional limit to legislative power has been transgressed."

This proposition was affirmed in *Schintgen v. La Crosse,* 117 Wis. 158, 166 (94 N. W. 84), where it is said:

"It appearing, therefore, that there was a valid law in existence authorizing assessments of this nature when the work was done, and that while the work in question was not done under the provisions of that law, still it was done in a way which the legislature might originally have lawfully authorized, and that the reassessment law preserves to the property owner his right to be heard and all the essentials of due process of law, we think the law in question

is .not susceptible to the objection . . . discussed." See sec. 1210*d*, Stats. 1898, as amended by ch. 9, Laws of 1901

In *Rork v. Smith,* 55 Wis. 67, 12 N. W. 408, the charter of the city of Appleton provided that the property owner was to be given notice requiring him to grade and grub the street in front of his premises, and that upon his failure so to do the work might be done in accordance with the plans and specifications therefor to be prepared by the city. No notice was given and the city proceeded to have the work done by contract. The contract was not completed in accordance with the plans and the city undertook to pay therefor *pro rata* by the issuance of certificates which were to be a lien upon the premises. The certificates were held void and there was an attempt to reassess the tax. The court said:

"We are clearly of the opinion that the claim of Berg or his assignee for compensation for work done upon the street in front of the plaintiff's lot, awarded to him by the common council of the city upon a compromise, when it is clearly shown that the work was not done either in accordance with his contract or with the plans or specifications adopted by the common council for grading and grubbing said street, is in no sense a special tax, and there is no more power in the common council to charge the plaintiff's real estate with the payment thereof than there is to charge his property with the entire payment of any other claim made for work done for the city."

The reassessment was set aside.

In *Filer & Stowell Co. v. Milwaukee,* 146 Wis. 221, 131 N. W. 345, it was contended that where the grade of a street once established was changed without a compliance with the provisions of the charter requiring assessment of benefits and damages it was cured by reassessment under secs. 1210*d* and 1210*e*, but it was held that the contention was without merit. "Such sections deal with void assessments,—ineffective attempts to comply with the law. Here

there was no attempt whatever. The provisions of the charter in respect to making an assessment were wholly ignored."

The common council failed to establish a grade of the streets which it was proposed to improve and proceeded with the improvement in plain violation of the prohibition contained in the statute. No attempt was made to establish the grade of the street at any time and, so far as the record in this case shows, it is not yet established. The streets were to be graded to the grade indicated by the engineer's stakes, but there is nothing in the plans and specifications or elsewhere by which the grade of the street may be determined.

Discussing the provision requiring the grade to be established, then sec. 925—173, Stats. 1898, the court said:

"Here is a positive requirement, which the legislature deemed an essential part of the system, which has been dropped out by the council, and which does not appear, either in form or in substance, in any part of the special charter of the city of La Crosse. It cannot be called trivial or unimportant. It was evidently framed to secure to the property owner the right to have a permanently established grade fixed, and recorded where he can examine it, before any work be done on the street, or assessments made against his property. Without this provision the council might actually work the street and change its surface up or down as many times as they chose, and levy assessments therefor every time, and the property owner would have no redress for the change of actual grade, so long as the council had not permanently established a grade. This seems to be the very thing that the legislature intended to guard against— the safeguard which the property owner was intended to have,—and it is the very safeguard which the council have denied him." *State ex rel. Boycott v. Mayor, etc.* 107 Wis. 654 (84 N. W. 242), at p. 662.

While this language was used in a case brought to determine whether or not the city of La Crosse had legally adopted a part of the general city charter under the then

existing law, it is relevant as to the materiality of the provisions.

It is to be noted that the establishment of the grade is in no way a part of the proceeding for the making of a special assessment. They are two entirely separate and distinct things. The failure to establish a grade is not a mere irregularity in the special assessment proceedings. If the statute is to be given effect, it is in the nature of a condition precedent, compliance with which is necessary before the council may lawfully enter to any extent upon the field of street improvement.

The language in sec. 75.56 (formerly sec. 1210$d$), "invalid because of such work having been done without authority of law," has been construed in *Schintgen v. La Crosse,* 117 Wis. 158 (94 N. W. 84), at p. 163. The court said:

"It is said that the act is invalid because it authorizes a reassessment when the work has been done 'without authority of law,' thus allowing a reassessment to be made for a work which originally could not be lawfully made a charge against the property. It is hardly necessary, perhaps, to consider this objection at length. Reassessment cannot, of course, be made to cover charges which were not authorized by law to be assessed against property under any circumstances at the time the work was done and the original assessment made. An expense which was not legally capable of being assessed against private property originally cannot be made a charge against such property by reassessment proceedings. This would be confiscation, not reassessment. *Rork v. Smith,* 55 Wis. 67, 12 N. W. 408. . . . Our duty is, however, to give all clauses a construction which will validate them, if such a construction be possible; and, under this rule, we think the clause in question, though sweeping in its terms, should be held only to refer to an assessment which is without authority of law by reason of some material defect in the proceedings rendering it invalid, rather than to an assessment which could not be legally assessed under any circumstances, by reason of the absence of any law authorizing it."

This case is ruled by *Schintgen v. La Crosse,* 117 Wis. 158, 94 N. W. 84, where it is said:

"When it appeared that the plaintiff's premises were exempt from assessment unless a certain particular state of facts existed, the duty rested on the city of showing that such state of facts did actually exist. This was not shown, and hence in the present case, for this reason alone, the reassessment in question must be set aside."

So in this case the statute expressly provides that no improvement of any kind or character may be made until a grade is established, and the city, therefore, must make it appear that the grade has been established before a valid assessment or reassessment can be made. The reassessment confirmed by the court must be set aside. The court cannot charge upon the property owner any part of the cost of a special improvement where the statute prohibits the making of the improvement until the grade is established, unless and until the condition is complied with. The court cannot establish the grade. No amount is due justly or otherwise until the condition is complied with.

The plaintiff contends that he is entitled to a jury trial. From an early day it was held that the constitutional provision preserving inviolate the right of trial by jury preserves that right inviolate as it existed at the time of the adoption of the constitution. The matter of special assessments and reassessments is purely a statutory proceeding, relates to taxation, and there was at common law no right of jury trial. Therefore, unless the statute itself makes provision for a jury trial, the parties are not entitled thereto in a proceeding of the kind now before us. *Stilwell v. Kellogg,* 14 Wis. 461; 1 Page & Jones, Taxation by Assessment, § 202, and cases cited.

We find no provision in the statutes entitling the plaintiff to a jury trial of the issues in this proceeding. In *Milwaukee Trust Co. v. Milwaukee,* 146 Wis. 245, 131 N. W. 439, there was involved the question of the right of damages for

change in grade of a street,   No doubt a jury may be properly impaneled to try issues, in the discretion of the court, but we find no provision of the law which entitles plaintiff to a jury trial as a matter of right.

We come now to a consideration of procedural matters. It should be distinctly noted that appeals taken under par. (k) of sub. (6), sec. 62.16, are under consideration.   That paragraph provides that if the owner of any parcel of land affected by such determination (determination as to assessment of benefits and damages) feels himself aggrieved thereby he may, within twenty days after the date of such determination, appeal therefrom to the circuit court of the county in which such city or some part thereof is situated, in the manner there provided.

"Such appeal shall be tried and determined in the same manner as cases originally commenced in said court, and costs awarded as provided in paragraph (d) of subsection (1) of section 62.25, . . . and in case the appellant shall succeed the difference between the amount charged in the certificate or bond so issued and the amount adjudged to be paid as benefits accruing to the parcel of real estate described in such certificate or bond shall be paid by the city."

Paragraph (1):

"The appeal given by the last section—paragraph (k)— from the report of the board of public works as confirmed by the council shall be the only remedy of the owner of any parcel of land or of any person interested therein affected by said improvement for the redress of any grievance he may· have by reason of the making of such improvement or of the change of any established grade covered by said report."

Language similar to the provisions of par. (k) as contained in the charter of the city of Superior was construed by this court in *Hayes v. Douglas Co.* 92 Wis. 429, 65 N. W. 482, and it was there held that it was not an exclusive remedy and that an action in equity might·be brought despite the language that the remedy was exclusive.

The matter was reconsidered in *Newton v. Superior,* 146 Wis. 308, 130 N. W. 242, 131 N. W. 986. The *Hayes Case* was overruled, and the court held the remedy by appeal to be exclusive. It was said:

"From the various provisions of the act it appears to us that the legislature intended to provide that on such appeal the court should have the right to investigate the proceedings actually taken and to ascertain whether or not there were fatal omissions in the course of the proceedings taken by the municipal authorities in making the improvements, and to award such relief as the actual state of the proceedings demanded to protect the appellants from any wrongful invasion of their rights flowing from a failure to comply with the statutes."

In *Nelson v. Waukesha,* 147 Wis. 163, 132 N. W. 887, it was said:

"If we assume as most favorable to appellant that the complaint stated a cause of action for some relief additional to that granted, the plaintiff must seek that relief by appeal from the assessment of benefits and damages, wherein his rights, legal and equitable, may be protected and all his grievances, legal or equitable, redressed. The words 'for the redress of any grievance he may have' in a remedial statute cannot be given any narrower scope." See, also, *Northern Pac. R. Co. v. Douglas Co.* 145 Wis. 288, 130 N. W. 246.

The plaintiff having appealed in the manner provided by law from the determination of the council assessing the benefits and damages, the whole proceeding upon which the determination of the council rested was open to investigation, and the plaintiff was entitled to any relief appropriate to redress any wrongs he might have sustained or to protect him in his lawful rights.

It is contended that under the language of this paragraph, "and in case the appellant shall succeed, the difference between the amount charged in the certificates or bonds so issued and the amount adjudged to be paid as benefits accruing to the parcel of real estate described in such cer-

tificates or bonds shall be paid by the city," the power of
the court to grant relief is limited accordingly.   In view
of *Newton v. Superior,* 146 Wis. 308, 130 N. W. 242, 131
N. W. 986, this contention cannot be sustained.   In this
proceeding, which is to all intents and purposes an action,
the circuit court held that the assessment made by the
council was void.   That conclusion having been reached,
the provisions of sec. 75.56 become applicable.   If the lan-
guage of par. (k) were to be followed literally, the judg-
ment would be that the city should pay the entire amount
of the assessment because no part thereof was legally as-
sessed against the premises of the plaintiff.

In this case the circuit court proceeded apparently under
the provisions of secs. 75.53 and 75.59.   Under the peculiar
wording of the statutes substantial reasons can be advanced
to sustain that course.   We are of the opinion, however,
that when consideration is given to the entire subject mat-
ter, sec. 75.53 must be held to apply only where the assess-
ment is invalid by reason of a defective or void assessment
of benefits and damages and not where the entire proceed-
ing is held invalid.   In this case the entire proceeding is
held to be invalid because of the failure of the council to
establish the grade.   Therefore sec. 75.53 is not applicable.
Sec. 75.59 is applicable only in the case of an action
brought to set aside a special assessment certificate, special
improvement bond, tax sale, or tax-sale certificate.   This
proceeding is an appeal from the assessment itself before
it had ripened into an assessment certificate, special im-
provement bond, or tax-sale certificate, and therefore sec.
75.59 was not applicable.   This conclusion follows neces-
sarily from the decision of *Newton v. Superior, supra.*   It
is quite probable that it was the original intention of the
legislature that appeals under par. (k) were to be confined
to a review of the special assessment, leaving the owner to
an action in equity or at law in case the entire proceeding
was invalid.   Under *Newton v. Superior,* all issues, legal

and equitable, must be tried upon the appeal. Such being the case, sec. 75.59 no longer applies on appeal from a special assessment levied pursuant to the provisions of sec. 62.16.

We hold that the provisions of sec. 75.53 apply only where the proceedings are held invalid by reason of a defective or void assessment of benefits and damages as distinguished from objections which go to the groundwork of the tax. That when a special assessment levied under sec. 62.16 is held invalid for reasons other than the invalidity of the assessment of benefits and damages, the appellant is entitled to have judgment entered setting aside the assessment. The proceeding is then at an end. It becomes the duty of the city authorities, under sec. 75.56, "to proceed to make a new assessment of benefits and damages in the manner required by law." No stay is provided by sec. 75.56, as there is by the provisions of sec. 75.53. If no appeal is taken from the new assessment made by the city authorities, such new assessment becomes conclusive. If the owner, however, desires to appeal from that assessment, he may do so under the provisions of sub. (2) of sec. 75.56, and the proceedings upon such appeal are prescribed by subs. (2) and (4). Under *Schintgen v. La Crosse,* 117 Wis. 158, 94 N. W. 84, all defects in the original proceedings are cured by the reassessment made in compliance with the provisions of the statute, provided the legislature had constitutional power to have so authorized the making of the assessment in the first instance. Mere deviations from the statutory procedure in the original proceeding are not fatal defects. See *Sanderson v. Herman,* 108 Wis. 662, 84 N. W. 890, 85 N. W. 141. Under this method of procedure the owner has preserved to him his right of election under the provisions of sec. 62.21, by which he is entitled to thirty days in which to elect whether or not he will pay the special assessment or a part thereof. In the event of his failure to so elect, special improvement bonds are to be issued and collected in the manner pre-

scribed in that section. No reason is perceived why an owner may not make his election under this section when the assessment is made subject to his rights on appeal if he should elect to appeal from the assessment. It is not reasonable to suppose that the legislature intended that a property owner who chose to appeal should be compelled as a necessary result thereof to pay the entire amount of the assessment in one payment. Neither is it reasonable to believe that his right of election should be forfeited in the event of an appeal being taken. This construction of the statutes harmonizes the entire proceeding, and while a different result might be arrived at if the question were an open one and to be determined upon the wording of the statutes, we are not disposed to disturb the ruling in *Newton v. Superior, supra,* and in view of that decision the conclusion we have reached seems to follow necessarily if the rights of property owners are to be preserved under the statute.

The common council having approved the plans and specifications which required the street to be improved to the width of forty feet, the ordinance of 1907 must be deemed to be modified accordingly. The ordinance of 1907 was merely an enactment by the common council. It could be amended, modified, or repealed, and could not have the effect of concluding action by subsequent councils. The determination of the council to improve the street to a greater width than that provided in the ordinance must be held to be in effect a modification thereof.

It is elementary that the amount of the assessment to be collected cannot exceed the cost of the improvement. *Hardy v. Waukesha,* 146 Wis. 277, 131 N. W. 352. It is equally true that a special assessment cannot be levied against property in excess of the amount of the benefits resulting from the improvement. *Boettger v. Two Rivers,* 157 Wis. 60, 144 N. W. 1097, 147 N. W. 66.

Upon the appeal from the special assessment the property owner is entitled to a judicial trial upon the question of

whether or not the amount of the special assessment levied against his property exceeds the benefits to the property. If the amount of the special assessment exceeds the amount of the benefits there is a taking of private property without due process of law. The court must determine upon the trial whether or not there has been such an impairment of the property owner's constitutional rights, as the determination of that question is purely a judicial act, and the court cannot be concluded by the determination of the assessment board. The assessment of benefits is not a mere apportionment of the total cost of the work among the abutting property owners. We shall attempt to lay down no rule in this case, but one test often applied is, Is the difference between the fair market value of the property after the improvement is made and the fair market value of the property prior to the making of the improvement equal to or greater than the amount of the assessment. See 2 Page & Jones, Taxation by Assessment, § 653 and cases cited.

If the cost of the improvement exceeds the amount of the benefits such excess cost must be borne by general taxation. It cannot be imposed upon the property owner in the form of a special assessment. As already indicated, the reassessment confirmed by the judgment appealed from must be set aside. Under the provisions of sec. 75.56 it will then become the duty of the common council to establish the grade of the street and thereafter to make a new assessment in accordance with the provisions of law. This may be done even though the work has been completed. The statute so provides.

The appeals having been heard and tried together both at the circuit court and here, the mandate in each case is:

*By the Court.*—The judgment appealed from is reversed, with directions to the circuit court to enter judgment adjudging the second reassessment to be invalid and setting it aside.

Bekkedal v. Viroqua, 183 Wis. 176.

The following opinion was filed March 11, 1924:

PER CURIAM (*on rehearing*). The defendant contended that the appellant property owners waived their right to appeal by reason of the fact that under protest they paid in to the circuit court the amount decreed by the court and entered judgment for costs therein against defendant, the argument being that the plaintiffs, by thus accepting the benefits of the judgment, waived their right to appeal from the judgments. It was the contention of the plaintiffs that the special assessment was levied without authority of law and was therefore invalid, and upon that contention the plaintiffs prevailed in this court.

Despite the argument of counsel to the contrary, we think this case is ruled by *Grand Rapids v. Bogoger,* 141 Wis. 530, 124 N. W. 659. Payment of the assessment as decreed by the court cannot be held to be an acceptance of a benefit. While the plaintiffs were in form plaintiffs and the city defendant, the relation was in substance exactly reversed. The defendant claimed the right to compel payment by the plaintiffs of a certain sum of money. That claim was resisted by the plaintiffs and judgment was rendered in form in favor of the plaintiffs, but in point of fact against them in the sense that the claim of the city was to that extent confirmed. Payment of the amount thus determined by the court is not the acceptance of a benefit which precludes the right of the plaintiff to appeal. *Hixon v. Oneida Co.* 82 Wis. 515, 52 N. W. 445.

The motion for a rehearing is denied, with $25 costs.